JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Melton Peoples ("Peoples") appeals the trial court's imposition of consecutive prison sentences totaling fifteen years. We find merit to this appeal and vacate the sentence and remand for resentencing.
 {¶ 2} On October 7, 2002, Peoples pled guilty to five counts of aggravated robbery. Between May and June 2002, Peoples robbed five individuals in Cleveland Heights while armed with a BB gun and high on drugs. The victims were 18 to 77 years of age, and Peoples stole between $160 and $400 from each victim. After his arrest, Peoples confessed to the crimes and claimed he robbed the individuals to buy diapers for his child and drugs for himself. At the time of his arrest, he was 19 years old and was under community control sanctions for an attempted burglary conviction.
 {¶ 3} After hearing the victims' statements and Peoples' own testimony, the trial court sentenced Peoples to three years in prison for each count of aggravated robbery, to run consecutively, for a total prison term of fifteen years. Peoples appeals, raising three assignments of error.
 Consecutive Sentences {¶ 4} In his first assignment of error, Peoples argues that the trial court failed to make the required statutory findings necessary to impose consecutive sentences and failed to state its reasons for such findings. Peoples contends that although the trial court broadly used the statutory language of R.C. 2929.14(E)(4), it failed to specify its reasoning for each finding. We agree.
 {¶ 5} Pursuant to R.C. 2929.14(E)(4), the court may impose consecutive sentences for convictions of multiple offenses only after it makes three determinations: (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) if the court also finds any of the following:
"(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
"(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
"(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C. 2929.14(E)(4).
See, also, State v. Comer, 99 Ohio St. 463, 2003-Ohio-4165.
 {¶ 6} When a trial court imposes consecutive sentences under R.C.2929.14, it must also comply with R.C. 2929.19(B)(2)(c), which requires the court "make a finding that gives its reasons for selecting the sentences imposed." The requirement that a court give its reasons for selecting consecutive sentences is separate and distinct from the duty to make the findings required by R.C. 2929.14(E)(4). Comer, supra. See, also, State v. Hudak, Cuyahoga App. No. 82108, 2003-Ohio-3805, citing,State v. Brice, Lawrence App. No. 99 CA21, 2000 Ohio App. LEXIS 1386. Moreover, "a trial court must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences."Comer, supra. These findings and reasons must be articulated by the trial court so an appellate court can conduct a meaningful review of the sentencing decision. Id., citing, Griffin Katz, Sentencing Consistency: Basic Principles Instead of Numerical Grids: The Ohio Plan (2002), 53 Case W.Res.L.Rev. 1, 12.
 {¶ 7} In the instant case, the trial court stated the following before imposing consecutive sentences:
"The court finds since there are five different victims that you committed aggravated robbery upon, and that you affected each one of these people differently by threatening to use force, the court finds that a prison term for each victim is appropriate.
"The court when reviewing other similar cases and crimes is going to come up with a total amount of a sentence, but is going to run the sentences consecutive in order. The court finds in order to necessarily protect the public and punish the defendant, the offender, and not to be disproportionate to the crimes that you did commit. As I indicated before, one of the factors I wanted to make a sentence consecutive is that you did commit these crimes while under community controlled sanction.
"I also find that the harm is so great or unusual that one single term with regard to one victim would not be appropriate since you did affect the lives of five different people. And the court finds consecutive terms are necessary to protect the public from crimes that you have committed here.
"So I find that a 15 year total sentence is appropriate. Again, also weighing your age and your chance of rehabilitation in the future, so the way that works out is three years, you are ordered to serve for each count, which is a minimum sentence for each count, but running consecutively for a total of a 15 year sentence."
 {¶ 8} The record indicates that although the trial court addressed the factors enumerated in R.C. 2929.14(E)(4), it did not provide its reasoning. Based on the record, it is unclear why the trial court found that a consecutive sentence was necessary to protect the public from future crime or to punish Peoples. Moreover, the trial court failed to state its reasoning as to the proportionality of the sentence to the seriousness of Peoples' conduct and to the danger he posed to the public. This court is unable to discern the trial court's exact reasoning for imposing the consecutive sentences because the trial court failed to specifically state a reason to support each statutory finding as proscribed in R.C. 2929.14(E)(4). Although the trial court emphasized that Peoples committed the offenses while under community control sanctions, that factor is only one of three necessary before imposing consecutive sentences. Accordingly, we vacate the sentence and remand the case for the trial court to comply with both R.C. 2929.14(E)(4) and R.C.2929.19(B)(2)(c).
 {¶ 9} We also note that contrary to Peoples' assertion, R.C.2929.14(E)(4) does not require the trial court to specifically state on the record that it has considered concurrent sentences before imposing consecutive sentences.
 {¶ 10} Additionally, we caution the trial court on remand to recognize that every crime "impacts" a victim's life. During Peoples' sentencing, the trial court repeatedly emphasized that Peoples' conduct "impacted" five different lives. Consecutive sentences are reserved for the worst offenders and offenses, and the trial court should ensure that its rationale behind each finding is more than just that the offense "impacted" each victim's life. See, Comer, supra.
 {¶ 11} Therefore, because the trial court did not provide sufficient reasons for imposing consecutive sentences, Peoples' first assignment of error has merit and requires a new sentencing hearing.
 {¶ 12} The remaining assignments of error are rendered moot.[1]
Sentence vacated and case remanded for resentencing.
The sentence is vacated, and this cause is remanded for resentencing.
ANNE L. KILBANE, P.J. and JAMES J. SWEENEY, J. CONCUR
[1] The remaining assignments involve alleged errors in sentencing, i.e. consistency and post-release control.