JOURNAL ENTRY and OPINION
{¶ 1} Appellant Kevin Corrigan, Sr. appeals from the trial court's resentencing him to a term of eight years on three counts, each to run consecutively for a total of twenty-four years. On May 25, 2000, this court in State v.Corrigan,[1] (hereinafter referred to as Corrigan I) affirmed in part, reversed in part, and remanded Corrigan's original case for resentencing. On June 3, 2002, the trial court resentenced Corrigan as ordered by this court's remand Corrigan appeals and assigns the following errors for our review:
 {¶ 2} "I. A 31 month delay between remand from this court to resentencing violated appellant's Sixth Amendment speedy trial rights."
 {¶ 3} "II. The trial court erred by ordering appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14(E)(4)."
 {¶ 4} Corrigan filed a pro se supplemental brief on February 20, 2003, which this court accepted for review. He presents the following additional errors for review:
 {¶ 5} "I. The sentencing court erred to the prejudice of the appellant by failing to discharge the appellant when a thirty-six month delay between remand and resentencing resulted in a violation of his right to a speedy trial under theSixth Amendment to the Constitution of the United States."
 {¶ 6} "II. The trial court prejudiced the appellant's due process rights, and further offended his right to a speedy trial, by failing to consider and address both maximum and consecutive sentencing issues on remand"
 {¶ 7} "III. The trial court committed prejudicial and reversible error by imposing consecutive sentences when its stated reasons for imposing such are in stark contrast to the evidence contained within the court's record."
 {¶ 8} We will review the assigned errors jointly except where they raise distinct and separate issues.
 {¶ 9} Having reviewed the record and pertinent law, we affirm Corrigan's sentence. The apposite facts follow.
 {¶ 10} In Corrigan I, Corrigan appealed his plea to three counts of attempted rape and a twenty-four year sentence. This court in Corrigan I affirmed Corrigan's guilty plea and reversed and remanded his consecutive sentence. The state and Corrigan agree that the trial court resentenced Corrigan some thirty-one months after the remand was issued in Corrigan I. At the resentencing hearing, the trial court, pursuant to this court's order, only resentenced Corrigan on the consecutive portion of his sentence.
 {¶ 11} At the sentencing hearing, Corrigan's wife, adult son who was not a victim, teenage daughter, and sister-in-law testified on his behalf. They requested Corrigan receive a concurrent sentence and promised to keep him away from children. They claimed the family could not heal as long as Corrigan was in prison.
 {¶ 12} Corrigan's wife admitted she suspected her husband was abusing the victim and at one time found Corrigan lying on the kitchen floor with his pants unzipped while the victim knelt beside him, pleading with his dad to not to make him do it. The victim's aunt testified that the victim at first denied the abuse had occurred; and to this day does not talk about it, and he has refused to seek counseling.
 {¶ 13} The prosecutor presented to the court the victim's police statement detailing the long period of sexual abuse by his father. The prosecutor also detailed Corrigan's prior convictions. In 1977, Corrigan broke into the home of an elderly woman and attempted to rape her. In 1986, Corrigan was convicted of sexual imposition involving a family friend's young daughter.
 {¶ 14} The victim recalled the first time his father abused him. The victim received a bike for his birthday that was stolen. His father forced him to perform oral sex in order to get a new bike. The abuse continued for about two to three years. The victim eventually came forth with his allegations out of fear for his younger sister.
 {¶ 15} At the hearing, Corrigan apologized to his son for "any wrongs I've done to him" and asked the court for mercy.
 {¶ 16} In determining the appropriateness of the consecutive sentence, the trial court considered the following factors: (1) the victim was approximately seven years old when the abuse started, (2) the father-son relationship between Corrigan and the victim facilitated the offense, (3) Corrigan had prior convictions for sexual offenses, and (4) he abused both alcohol and drugs.
 {¶ 17} In both of his first assigned errors, Corrigan argues the unnecessary delay in resentencing him violates his rights under Crim.R. 32(A) and the Sixth Amendment of the U.S. Constitution. We disagree.
 {¶ 18} The parties agree the delay between our remand and the resentencing amounted to thirty-one months. The issue is whether this delay is presumptively prejudicial, requiring a dismissal of the case. In State v. Taylor,[2] this court held Crim.R. 32 does not apply to resentencing. We, therefore, proceed to analyze the delay in resentencing pursuant to the Sixth Amendment of the U.S. Constitution. Therefore, in order to resolve this issue, we look to the criteria set forth in Barker v.Wingo,[3] which are the length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.
 {¶ 19} We agree the court's failure to act within a reasonable time in sentencing appellant is not the better course of action. However, the concern is whether Corrigan was prejudiced. This court has held that a twenty-two month delay between remand and resentencing is prejudicial when the appellant is out on bond.[4] In City of Euclid v. Brackis, this court found Brackis had been out of jail on bond and to return Brackis to jail after he had been out of jail on bound to serve the remaining two months would be extremely prejudicial.
 {¶ 20} In the instant case, Corrigan was in jail and not out on bond. Therefore, because he was in jail for a twenty-four year sentence, the thirty-one month delay did not result in prejudice like in Brackis.
 {¶ 21} Corrigan, however, argues he was deprived of his ability to immediately appeal this court's affirmance of his guilty plea until he was resentenced. However, the Supreme Court has jurisdiction over "judgments" from the court of appeals. Art. IV Section 2(B)(2) provides:
 {¶ 22} "(2) The supreme court shall have appellate jurisdiction as follows:
 {¶ 23} "* * *
 {¶ 24} "(b) In appeals from the courts of appeals in cases of felony on leave first obtained."
 {¶ 25} The Ohio Supreme Court in State v. Robinson[5]
explained it has jurisdiction in felony cases to review a "judgment" of the court of appeals as distinguished from a "final order." Therefore, the judgment of our court affirming Corrigan's guilty plea, and reversing and remanding for resentencing was appealable to the Supreme Court of Ohio once our decision was entered in Corrigan I. Accordingly, Corrigan was not prejudiced by the trial court's delay, and we overrule his first assigned error.
 {¶ 26} Corrigan argues in his second assigned error and third assigned pro se error, that the trial court erred by ordering the sentences to run consecutively, because it failed to set forth findings with reasons in support of the consecutive sentence and because the evidence did not support the sentence. Our review of the sentencing transcript indicates the trial court adhered to R.C. 2929.14(E).
 {¶ 27} In imposing consecutive prison terms for convictions of multiple offenses, the trial court must make certain findings enumerated in R.C. 2929.14(E)(4). According to this statute, a court may impose consecutive sentences only when it concludes that the sentence is (1) necessary to protect the public from future crime or to punish the offender; (2) not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) the court finds one of the following: (a) the crimes were committed while awaiting trial or sentencing, under sanction or under post-release control; (b) the harm caused by multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of the offense; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime.[6]
 {¶ 28} When the trial court makes the above findings, it must also state its reasons on the record why it made the findings.[7] According to the Ohio Supreme Court's opinion in State v. Comer,[8] the sentencing court must align its statutory findings for imposing the consecutive sentence with its reasons. Here, the trial court set forth the statutory findings in support of the consecutive sentence and aligned its reasons in support of each finding.
 {¶ 29} First, in finding that a consecutive sentence is "necessary to protect the public from future crime or to punish the offender," the trial court noted that along with his current sex offenses, Corrigan is a sexual predator and has two prior sexual offenses. The court also found the consecutive sentence is necessary to punish Corrigan because the crimes involved his own son.
 {¶ 30} Corrigan contends in his pro se assigned error that because the crime was committed against his son and not the public, he did not pose a danger to the public. However, he fails to realize the fact he violated the trust of his son indicates an especially heinous crime. This, in addition to the fact he committed crimes against strangers in the past, indicates he is a danger to the public.
 {¶ 31} Second, the trial court, in finding that the consecutive sentence is not disproportionate to the seriousness of Corrigan's conduct, reasoned that the crimes involved the abuse of Corrigan's son, who was under the age of ten years old. Corrigan contends in his pro se assigned error that simply because he committed the act against his son should not result in a consecutive sentence, because such a conclusion results in "per se" consecutive sentences for parents who sexually abuse their children.
 {¶ 32} However, the trial court's finding does not lead to this conclusion. In the instant case, the court found the abuse against his son occurred over many years. The court also cited one instant, where Corrigan forced his son to perform oral sex to earn a new bike to replace his stolen one. This type of behavior against one's own child is reprehensible. Therefore, along with the fact he committed these crimes against his son, the length of the abuse and the nature of it, was also part of the trial court's consideration. Furthermore, R.C. 2929.14(E) requires additional findings by the court, which prevents" per se" consecutive sentences as alleged by Corrigan.
 {¶ 33} Third, the trial court also found that a consecutive sentence is not disproportionate to the danger Corrigan poses to the public. The trial court noted that in addition to the current sexual offenses, Corrigan had two prior convictions for sexual offenses, and the fact that Corrigan is a sexual predator.
 {¶ 34} Finally, the court found that the harm caused was so great that no single prison term adequately reflects the seriousness of the crime. The court stated the abuse occurred over a period of years, adults suspected the abuse but did nothing, and the psychological effect of all of this on Corrigan's son. The court also found Corrigan's history of criminal conduct makes multiple terms necessary.
 {¶ 35} Although as Corrigan contends in his pro se brief, the son contended at the hearing he just wanted to get on with his life and has not had counseling, it is not hard to imagine a young child, abused by his father, would suffer psychological harm. Further-more, the trial court also found Corrigan's prior criminal history justified the consecutive sentence. Therefore, whether there was psychological harm to the victim or not is irrelevant, because the trial court need only find one of the factors under R.C. 2929.14(E)(3) applies.
 {¶ 36} Corrigan also relies on this court's case of State v.De Amiches[9] in arguing the court cannot rely on the fact the victim was his son to enhance the penalty, because it is an element of the offense. However, in the instant case, the fact the victim is related to the offender is not an element of the offense of attempted rape. Therefore, the precedent of DeAmiches does not apply.
 {¶ 37} Also, contrary to Corrigan's assertion, the trial court properly stated that Corrigan showed no remorse for his crime. The trial court referred to the lack of Corrigan's remorse in statements he made to his probation officer in the presentence report. In the presentence investigation report, Corrigan denied the abuse occurred and placed the blame on his son. Corrigan contended his son was lying because he was mad that Corrigan would not permit him to live at home. Therefore, the trial court properly referred to the lack of remorse Corrigan showed in the presentence report.
 {¶ 38} Finally, we note, contrary to Corrigan's assertion, R.C. 2929.14(E)(4) does not require the trial court to specifically state on the record that it has considered concurrent sentences before imposing consecutive sentences.[10]
 {¶ 39} Based on the foregoing, the trial court adhered to the mandate of R.C. 2929.14(E) and was meticulous in setting forth its findings and adjacent reasons. Accordingly, Corrigan's second assigned error and third assigned pro se error are overruled.
 {¶ 40} In Corrigan's second assigned pro se error he contends the trial court erred by not also determining on remand whether the maximum sentence was appropriate.
 {¶ 41} This court in Corrigan I remanded the sentence only as to the consecutive sentence and did not vacate the entire sentence pursuant to the dictates of State v. Bolton.[11]
The trial court, therefore, did not err by failing to conduct an entirely new sentencing hearing, as the law of the case doctrine compels trial judges to follow the mandates of reviewing courts.[12] "A judge is without authority to extend or vary the mandate given."[13] Therefore, the trial court was without authority to consider anything but the consecutive sentence and did not err by failing to consider whether the maximum sentence was appropriate. Accordingly, Corrigan's second assigned pro se error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, A.J., and Calabrese, Jr., J., Concur.
[1] State v. Corrigan (May 25, 2000), Cuyahoga App. No. 76124.
[2] (Oct. 29, 1992), Cuyahoga App. No. 63295.
[3] (1972), 407 U.S. 514, 530, 92 S.Ct. 2182,33 L.Ed.2d 101.
[4] City of Euclid v. Brackis (1999), 135 Ohio App.3d 729.
[5] 161 Ohio St. 213.
[6] R.C. 2929.14(E).
[7] State v. Gray (February 22, 2001), Cuyahoga App. No. 77849.
[8] State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at paragraph 1 of syllabus.
[9] (Mar. 1, 2001), Cuyahoga App. No. 77609.
[10] State v. Peoples, Cuyahoga App. No. 82308, 2003-Ohio-5639.
[11] (2001), 143 Ohio App.3d 185.
[12] Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3; State v.Gates, Cuyahoga App. No. 82385, 2004-Ohio-1453.
[13] State v. Kincaid (Dec. 14, 2000), Cuyahoga App. No. 77645.