{¶ 20} I respectfully dissent from the majority's opinion and would instead affirm the court's notifying the appellant that mandatory postrelease control was part of his original sentence pursuant to R.C. 2929.191. It is my opinion that the appellant in the instant case was always subject to postrelease control by operation of law, and the court's notifying him of this was remedial in nature rather than substantive. See State v. Barnes, Portage App. No. 2006-P-0089 (holding that "the purpose of the resentencing was to give defendant notice of a condition that already existed at the time of his original sentence");State v. Corrigan, Cuyahoga App. No. 83088, 2004-Ohio-4346 (holding that Crim. R. 32 does not apply to resentencing); State v. Huber, Cuyahoga App. No. 85082, 2005-Ohio-2625 (holding that Crim. R. 32 does not apply to resentencing). *Page 1