[Cite as *State v. McKnight*, 2011-Ohio-4822.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96074

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DARRYL MCKNIGHT

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-495162

**BEFORE:** Jones, J., Kilbane, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:** September 22, 2011

ATTORNEY FOR APPELLANT

Thomas A. Rein
Leader Building
526 Superior Avenue
Suite 940
Cleveland, Ohio 44114


ATTORNEYS FOR APPELLEE

William D. Mason
Cuyahoga County Prosecutor

BY: Diane Smilanick
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, J.:

{¶ 1} Defendant-appellant, Darryl McKnight, appeals from the trial court's November 1, 2010 sentencing judgment entry. We affirm.

I

{¶ 2} In 2007, McKnight was charged with two counts each of aggravated robbery and felonious assault with one- and three-year firearm specifications. The charges arose from the singular robbery of and assault on one victim.

{¶ 3} In 2009, after McKnight executed a waiver of jury trial, the case proceeded to a

bench trial. The court found McKnight guilty of Count 1, aggravated robbery with the firearm specifications, and guilty of Counts 3 and 4, felonious assault with the firearm specifications. Count 2, aggravated robbery, was dismissed. The court sentenced McKnight to a six-year prison term and imposed three years of postrelease control.

{¶ 4} On appeal, this court held that conviction and sentence on two counts of felonious assault was in error because there was only one victim and one single occurrence. *State v. McKnight*, Cuyahoga App. No. 93134, 2010-Ohio-3865, ¶22. The case was therefore remanded in August 2010 for the state to elect the felonious assault charge on which McKnight should be convicted and sentenced. Id.

{¶ 5} In November 2010, the trial court held a resentencing hearing. The state elected to proceed on the felonious assault charge set forth in Count 4. The court resentenced McKnight to a six-year prison term, which did not include a sentence on the felonious assault charge under Count 3. The court imposed five years of postrelease control.

{¶ 6} McKnight now appeals from the judgment entry resentencing him, raising the following assignment of error by and through counsel: "The trial court violated Crim.R. 32 when there was an unnecessary delay in sentencing." Pro se, McKnight raises the following assignments of error:

"[I.] The trial court[ ] erred by allowing a conviction when the speedy trial rights were already violated due to false request for continuances the court's claimed appellant made so the defendant is requesting to be relieved [and] released of all conviction [and] charges as required in cases provided in memorandum 1;

"[II.]   The courts are to reverse the convictions and indictment due to improper court instructions and void indictments [and] testimonies.   So the appellant is required to be released and compensated;

[III.] The judgment [and] indictments are to be voided because appellant was convicted on charges which failed to explain the allege[d] elements and offense given as instruction in court.   So the defendant/appellant is required to be compensated and released."

II

{¶ 7}   In the assignment of error presented by counsel, McKnight contends that the trial court improperly imposed postrelease control after an 18-month delay between the time of conviction and resentencing.   We disagree.

{¶ 8}   When the trial court first sentenced McKnight in 2009, it wrongly imposed three years of postrelease control.   Under R.C. 2967.28(B)(1), the proper period of postrelease control for aggravated robbery, a felony of the first degree, is five years.   Upon resentencing McKnight in 2010, the court corrected its mistake and imposed five years of postrelease control.

{¶ 9}   In *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, the Ohio Supreme Court ruled that "[a] sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack."   Id. at paragraph one of the syllabus.

{¶ 10} Thus, under *Fischer*, the trial court properly corrected the imposition of

postrelease control. Moreover, there was not an unnecessary delay in the time between conviction and resentencing. McKnight contends that the 18 months between his conviction and resentencing constituted an unnecessary delay. He cites Crim.R. 32(A), which provides that "[s]entence shall be imposed without unnecessary delay."

{¶ 11} This court has held that Crim.R. 32(A) does not apply to resentencing. *State v. Harris*, Cuyahoga App. No. 95010, 2011-Ohio-482, ¶7; *State v. Huber*, Cuyahoga App. No. 85082, 2005-Ohio-2625, ¶8. Rather, in cases involving resentencing, this court has considered the issue of delay under the Sixth Amendment to the United States Constitution. *Huber* at id. Specifically, we look to the following criteria set forth in *Barker v. Wingo* (1972), 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101, to determine whether a delay was presumptively prejudicial, requiring a dismissal of the case: the length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *State v. Corrigan*, Cuyahoga App. No. 83088, 2004-Ohio-4346, ¶18.

{¶ 12} After being convicted in March 2009, McKnight was originally sentenced in April 2009. He appealed, but this court dismissed the appeal in August 2009 because he failed to file a brief. In September 2009, McKnight requested, and this court granted, reopening of his appeal. In August 2010, this court remanded for resentencing, and resentencing was had in November 2010. On this record, there was no presumptively prejudicial delay.

{¶ 13} In light of the above, the assignment of error presented by counsel is overruled.

{¶ 14} In regard to the remaining assignments of error presented by McKnight pro se, they are all barred under the doctrine of res judicata. Under the doctrine, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 1995-Ohio-331, 653 N.E.2d 226, syllabus. All of the contentions in these assignments were issues that were, or could have been, raised in McKnight's first appeal.

{¶ 15} McKnight's convictions were affirmed in his first appeal; the matter was remanded for resentencing only. *McKnight* at ¶22-23. In *Fischer*, the Ohio Supreme Court held that "[t]he scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing." Id. at paragraph four of the syllabus.

{¶ 16} In light of the above, the remaining assignments of error are overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES,   JUDGE

MARY EILEEN KILBANE, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR