[Cite as *State v. King*, 2011-Ohio-5492.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95233**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DAVID KING

DEFENDANT-APPELLANT

**JUDGMENT:
APPLICATION DENIED**

Cuyahoga County Common Pleas Court
Case No. CR-395587
Application for Reopening
Motion No. 444077

**RELEASE DATE:**    October 25, 2011

**FOR APPELLANT**

David King, Pro Se
Inmate No. 405-310
Marion Correctional Institution
P.O. Box 57
Marion, OH    43301


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:    T. Allan Regas
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113


MELODY J. STEWART, P.J.:

{¶ 1}   In *State v. King*, Cuyahoga County Court of Common Pleas Case No. CR-395587, applicant, David King, pled guilty to two counts of rape, felonious assault, and five counts of gross sexual imposition.   The trial court initially imposed sentence in a journal entry received for filing in 2001.   King appealed pro se but the appeal was dismissed for failure to file a praecipe.   *State v. King*, 8th Dist. No. 79412, Entry No. 327504, May 1, 2001 ("*King I*").

{¶ 2} In March 2010, King filed a motion to vacate void judgment entry arguing that the trial court did not properly impose postrelease control. The court of common pleas held a hearing, determined that the original sentence was void because the court had not advised King that postrelease control was mandatory and issued a new sentencing entry including postrelease control. King appealed and this court affirmed that judgment in *State v. King*, 8th Dist. No. 95233, 2011-Ohio-1079 ("*King II*"). The Supreme Court of Ohio denied King's motion for a delayed appeal and dismissed the appeal. *State v. King*, 129 Ohio St.3d 1447, 2011-Ohio-4217, 951 N.E.2d 1044.

{¶ 3} King has filed with the clerk of this court a pro se application for reopening. He asserts that he was denied the effective assistance of appellate counsel because appellate counsel in *King II* did not assert several assignments of error regarding: speedy trial; a complaint with affidavits was not filed in the municipal court; the indictment was amended; and King's reclassification as a sex offender under the Adam Walsh Act ("AWA") despite his having been convicted prior to the enactment of AWA.

{¶ 4} We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.

{¶ 5} Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that King has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In *State v. Spivey*, 84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696, the Supreme Court specified the proof required of

an applicant. "In *State v. Reed* (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two-prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a 'reasonable probability' that he would have been successful. Thus [applicant] bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." Id. at 25.

{¶ 6} As noted above, *King II* arose from King's resentencing. Necessarily, the scope of an appeal from a resentencing is limited to issues arising from the resentencing. *State v. McKnight*, 8th Dist. No. 96074, 2011-Ohio-4822. We have previously rejected an attempt to challenge the propriety of a guilty plea and conviction when the application for reopening is filed with respect to an appeal from a resentencing. *State v. Smith*, 8th Dist. No. 91346, 2009-Ohio-1610, reopening disallowed, 2010-Ohio-897. As a consequence, King's arguments and proposed assignments of error are beyond the scope of an application for reopening from a resentencing.

{¶ 7} Additionally, we note that King's argument that a member of the executive branch is reclassifying him under the AWA is not well-founded. Although King cites *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, he fails to recognize that the Supreme Court held that the relevant provisions of the AWA "may not

be applied to offenders previously adjudicated by judges under Megan's Law, and the classifications and community-notification and registration orders imposed previously by judges are reinstated." Id., ¶66. King also does not identify anywhere in the record which reflects that he has been reclassified.

{¶ 8} King cannot satisfy either prong of the *Strickland* test. We must, therefore, deny the application on the merits.

___

MELODY J. STEWART, PRESIDING JUDGE

JAMES J. SWEENEY, J., and
SEAN C. GALLAGHER, J., CONCUR