OPINION
{¶ 1} Appellant William E. Jones appeals his conviction, in the County Court, Tuscarawas County, for operating a motor vehicle under the influence of alcohol (former R.C. 4511.19(A)(8)). The relevant facts leading to this appeal are as follows.
 {¶ 2} On the afternoon of May 4, 2004, Officer Opha Lawson of the Newcomerstown Police Department observed a stationary white Mercury SUV on Martin Luther King Drive in the Village of Newcomerstown. The SUV was solely occupied by a male driver, whom Lawson could not identify at that point. Lawson, however, recognized the vehicle from a routine plate check he had run about a month earlier. Lawson decided to run a plate check again, and while he awaited a reply via the LEADS system, he drove his cruiser along an alley parallel to Martin Luther King Drive. During that time, the SUV moved farther north on Martin Luther King Drive. Lawson then pulled his cruiser into a nearby factory parking lot. The LEADS response soon came back indicating the license plate belonged to a Pontiac, rather than a Mercury.
 {¶ 3} Lawson returned to Martin Luther King Drive. The SUV was by then parked in the middle of the street, with the driver's door open. Appellant was standing on a nearby sidewalk, speaking with a female. After Lawson indicated the SUV was blocking the road, appellant got into the vehicle and moved toward the curb. Lawson advised appellant of the problem with the license plate, and asked for appellant's driver's license, registration, and proof of insurance. At that point, Lawson began noticing a smell of alcoholic beverage on appellant's person.
 {¶ 4} Lawson thereupon called for back-up, and had appellant perform field sobriety tests. Appellant was thereafter arrested for operating a motor vehicle under the influence of alcohol. He was also charged with using a fictitious license plate. Appellant pled not guilty, and the matter proceeded to a bench trial on November 9, 2004. At trial, appellant's chief defense was that Patrolman Lawson misidentified him as the driver of the SUV on the day of the incident. The main defense witness, Victoria Jackson, testified that she was the driver of the SUV, and that she parked it on Martin Luther King Drive on the afternoon in question to visit a relative's friend along with appellant.
 {¶ 5} On November 30, 2004, the trial court held a sentencing hearing and issued a judgment entry finding appellant guilty of OMVI and using a fictitious license plate. He was sentenced to, inter alia, sixty days in jail, with fifty-four days suspended, with a $500 fine for OMVI and $50 for the fictitious plate charge.
 {¶ 6} On December 22, 2004, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:
 {¶ 7} "I. THERE WAS INSUFFICIENT EVIDENCE OFFERED IN COURT TO PROVE BEYOND A REASONABLE DOUBT THAT WILLIAM JONES WAS OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL."
 I. {¶ 8} In his sole Assignment of Error, appellant argues that his OMVI conviction is not supported by sufficient evidence that he was the driver of the SUV. We disagree.
 {¶ 9} In considering an appeal concerning the sufficiency of the evidence, our standard is as follows: "* * * [T]he inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492.
 {¶ 10} As noted in our recitation of facts, Lawson did not initially make an identification of the SUV's driver when he first observed the vehicle. He later testified, however, that he was sure the driver was not Victoria Jackson. Tr. at 11. After Lawson completed the LEADS check, he approached appellant on the sidewalk near the SUV, after it had been moved further up the street. Lawson then "recognized [appellant] from when I saw him previously." Tr. at 6. Although appellant maintains that Lawson did not include this information in his written incident report, we find upon review of the evidence that reasonable minds could have found appellant was the driver of the vehicle beyond a reasonable doubt.
 {¶ 11} Moreover, even if we were to conclude otherwise, there was clear evidence that as Lawson approached, appellant returned to the SUV, got into the driver's seat, and operated the vehicle so as to move it closer to the curb. Lawson specifically testified that he did not tell appellant to move the vehicle. Tr. at 7. The minimal movement of the SUV by appellant at this stage was sufficient to prove appellant "operated" the vehicle, as this term is even broader under Ohio law than the term "drive." See State v. McClain (June 5, 1996), Wayne App. No. 95CA0058, citing State v. Cleary (1986), 22 Ohio St.3d 198, paragraph one of the syllabus. We find the evidence of this portion of the events not only strengthens the account of Lawson's original observations, but would have provided for the finder of fact additional and independent evidence of appellant's illegal operation of the SUV. We further note appellant herein does not challenge the evidence of his level of intoxication per se.
 {¶ 12} We therefore hold the trial court's conviction of appellant for OMVI was supported by sufficient evidence. Appellant's sole Assignment of Error is overruled.
 {¶ 13} For the reasons stated in the foregoing opinion, the judgment of the County Court, Tuscarawas County, Ohio, is affirmed.
Wise, J. Boggins, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the County Court of Tuscarawas County, Ohio, is affirmed.
Costs to appellant.