[Cite as *State v. Marrero*, 2011-Ohio-3587.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95859**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## REINALDO MARRERO

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-417246

**BEFORE:**  Blackmon, P.J., Boyle, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**  July 21, 2011

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Chief Public Defender

By: David M. King
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Thorin O. Freeman
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, P.J.:

{¶ 1} Appellant Reinaldo Marrero ("Marrero") appeals his conviction for drug trafficking and assigns the following four errors for our review:

> "I. The trial court was divested of jurisdiction to impose sentence upon Mr. Marrero due to the inexcusable delay between appellant's plea and finding of guilt in February of 2002 and his subsequent sentencing more than eight years later."

> "II. The trial court erred in sentencing Mr. Marrero after he had served more than seven years of his prison term despite Mr. Marrero's expectation of finality in violation of the Fifth and Fourteenth Amendments to the United States Constitution, and Ohio Constitution Article I, Section 10."

"III. The trial court erred to the prejudice of Mr. Marrero when it improperly imposed consecutive sentences in violation of R.C. 2929.14 and 2929.41, United States Constitution Amendments V and XIV, and Ohio Constitution Article I, Sections 10 & 16."

"IV. Pursuant to United States Constitution Amendments V and XIV, and Ohio Constitution Article I, Section 16, the trial court did not have jurisdiction to resentence Mr. Marrero because he had completed serving his sentence before his sentence de novo held September 13, 2010."

{¶ 2} Having reviewed the record and pertinent law, we affirm Marrero's conviction. The apposite facts follow.

### Facts

{¶ 3} On December 7, 2001, the Cuyahoga County Grand Jury indicted Marrero in Case No. 417246, for three counts of drug trafficking, three counts of drug possession, and one count of possession of criminal tools. On February 19, 2002, Marrero withdrew his previously entered not guilty plea and entered a plea to one count of drug trafficking with a juvenile specification. The remaining counts were dismissed. The trial court immediately sentenced Marrero to the agreed upon five years in prison. Additionally, the court ordered the sentence to run concurrently with the sentence imposed in another case, Case No. 417361, but consecutive to the sentences he was serving in Case Nos. 403692 and 408714, that were imposed in November 2001, for a total of ten years in prison.

{¶ 4} On August 20, 2010, the state filed a motion for the trial court to resentence Marrero because his sentence did not provide an adequate notice of postrelease control.

After conducting a de novo resentencing hearing, the trial court resentenced Marrero to five years in prison to be served consecutively with the November 2001 sentences and also imposed a mandatory term of five years postrelease control.

## Unreasonable Delay in Resentencing

{¶ 5} In his first assigned error, Marrero argues there was an unreasonable delay in resentencing him. He contends that although he entered his plea on February 19, 2002, he did not receive a valid sentence until September 21, 2010 because his original sentence was void due to the trial court's failure to properly impose postrelease control.

{¶ 6} This court has repeatedly held that Crim.R. 32(A)'s requirement that a sentence be imposed without unnecessary delay does not apply to resentencing hearings. *State v. Wright*, Cuyahoga App. No. 95096, 2011-Ohio-733; *State v. Harris*, Cuyahoga App. No. 95010, 2011-Ohio-482; *State v. Coleman*, Cuyahoga App. No. 94866, 2011-Ohio-341; *State v. McQueen*, Cuyahoga App. No. 91370, 2009-Ohio-1085; *State v. Craddock*, Cuyahoga App. No. 94387, 2010-Ohio-5782; *State v. Huber*, Cuyahoga App. No. 85082, 2005-Ohio-2625. In so holding, we rationalized that it is when the original sentence is imposed that determines whether there was unreasonable delay.

{¶ 7} The Ohio Supreme Court's recent holding in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, supports this conclusion. In *Fischer*, the Court modified the holding in *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, to the extent that *Fischer* held a "complete de novo resentencing is not

required when a defendant prevails only as to the postrelease-control aspect of a particular sentence * * * and the limited resentencing must cover only the postrelease control." *Fischer* at ¶17. In so holding, the Court explained that only the postrelease control portion of the sentence is void, not the entire sentence. In the instant case, Marrero entered his plea on February 19, 2002, and was sentenced that same day; therefore, he was clearly sentenced in a timely manner.

{¶ 8} Nonetheless, Marrero argues that in consideration of *Fischer*, we should conclude that the postrelease control portion of his sentence was entered with unreasonable delay. Given the numerous cases from this district that hold that Crim.R. 32(A) does not apply to resentencing, some of which predate *Fischer*, we conclude there is no basis to create an exception. See *Craddock; Huber; McQueen; State v. Taylor* (Oct. 29, 1992), Cuyahoga App. No. 63295; *State v. Corrigan*, Cuyahoga App. No. 83088, 2004-Ohio-4346. Moreover, the Supreme Court has sanctioned long intervals between an original, void sentence and a proper entry resulting from a resentencing hearing. See *State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2671, 931 N.E.2d 110,(in which the Supreme Court, in 2010, ordered that a trial court properly issue a sentencing entry that includes postrelease control when Carnail was originally sentenced in 1999); *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, (defendant resentenced to include postrelease control

shortly prior to expiration of a three-year prison sentence). Accordingly, Marrero's first assigned error is overruled.

**Resentencing Violated his Expectation of Finality**

{¶ 9} In his second assigned error, Marrero argues that his expectation of finality and protection from double jeopardy precludes the trial court from adding postrelease control to his sentence. In so arguing, he relies on cases from the federal First and Sixth Circuits that hold that at some point an expectation of finality attaches to an illegal sentence.

{¶ 10} Ohio state courts, however, have repeatedly addressed the same due process claims Marrero has raised and have consistently held that such resentencing does not violate finality or double jeopardy restraints because jeopardy does not attach to a void sentence. See *State v. Simpkins,* 117 Ohio St.3d 420, 2008 -Ohio-1197, 884 N.E.2d 568, at ¶37; *State v. Powell*, 3d Dist. No. 10-07-12, 2008-Ohio-1012; *State v. Beasley* (1984), 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (trial court's correction of a statutorily incorrect sentence did not violate appellant's right to be free from double jeopardy); *State v. Ramey*,10th Dist. No. 06AP-245, 2006-Ohio-6429 (an invalid sentence for which there is no statutory authority is a circumstance under which there can be no expectation of finality to trigger the protections of the Double Jeopardy Clause.) Thus, to the extent the postrelease control portion of the sentence was void, no expectation of finality existed. *State v. Hunter,* Cuyahoga App. Nos. 95111, 95112, and 95113, 2011-Ohio-1682; *State v.*

*Zganjer,* Cuyahoga App. No. 94724, 2011-Ohio-606. Accordingly, Marrero's second assigned error is overruled.

### Maximum, Consecutive Sentence

{¶ 11} In his third assigned error, Marrero argues that the trial court erred by imposing consecutive sentences without making findings under R.C. 2929.14(E)(4) and asserts that the holding in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, that the statute was unconstitutional, is no longer valid in light of *Oregon v. Ice* (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517.

{¶ 12} We reject this argument on the authority of *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, in which the Ohio Supreme Court held that *Ice* does not revive R.C. 2929.14(E)(4). Id. at paragraph two of the syllabus. Accordingly, Marrero's third assigned error is overruled.

### Trial Court lacked Jurisdiction

{¶ 13} In his fourth assigned error, Marrero argues the trial court lacked jurisdiction to impose postrelease control because he had completed his sentence for the drug trafficking charge.

{¶ 14} We agree that once a defendant serves the entire sentence imposed by the trial court, the court is without jurisdiction to impose postrelease control. *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-325, 868 N.E.2d 961. Marrero argues he was sentenced to a total of 10 years in prison and that the five years imposed for the drug conviction had

to be served first because it was a mandatory sentence. He, therefore, concludes that because he has served his time for the drug conviction, the court cannot impose postrelease control for that offense.

{¶ 15} Marrero's consecutive sentence did not derive from one case. Instead, the sentence he received in the drug trafficking case was ordered to be served consecutive to an earlier case he was sentenced upon. The sentence for the earlier case was imposed on November 15, 2001, while the sentence for the instant case was imposed on February 8, 2002. In fact, Marrero was indicted in the instant case on December 7, 2001, after the sentence was imposed in the first case. To argue that he served the second case prior to the first case is illogical because there is no way to stop the sentence in the first case in order that the term in the second case can commence.

{¶ 16} We acknowledge that O.A.C. 5120-2-021(L) requires that mandatory prison terms must be served prior to nonmandatory terms; however, common sense dictates that the rule applies when consecutive sentences are imposed regarding offenses in a single case. Accordingly, Marrero's fourth assigned error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.  The defendant's conviction having been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, PRESIDING JUDGE

MARY J. BOYLE, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR