[Cite as *State v. York*, 2012-Ohio-3159.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97953**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## ANSARIO S. YORK

DEFENDANT-APPELLEE

**JUDGMENT:**
**AFFIRMED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-511328

**BEFORE:**   Jones, J., Blackmon, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**   July 12, 2012

**ATTORNEYS FOR APPELLANT**

William D. Mason
Cuyahoga County Prosecutor

BY: Daniel T. Van
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Robert L. Tobik
Cuyahoga County Public Defender

BY: Cullen Sweeney
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

**{¶1}** Plaintiff-appellant, the state of Ohio, appeals the trial court's dismissal of an indictment against defendant-appellee, Ansario York. For the reasons that follow, we affirm.

**{¶2}** In 1995, York was sentenced to two years in prison for sexual battery. He was never classified under Ohio's first comprehensive sex-offender regulation, enacted as Megan's Law in 1996. Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560, 2601.

**{¶3}** In 2007, Ohio passed the Adam Walsh Act, which applied to sex offenders regardless of when their offenses occurred. Based on York's 1995 sexual battery conviction, the Adam Walsh Act automatically imposed on him a Tier III sex-offender classification. R.C. 2950.01(G)(1)(a).[1]

**{¶4}** In April 2008, York was charged with failure to provide notice of change of address, a felony of the third degree. In 2009, he pleaded guilty to the charge and was sentenced to three years of community control sanctions. He subsequently violated his community control sanctions and was sentenced to one year in prison. In December 2010, York filed a motion to withdraw his previously entered guilty plea. He also moved to dismiss the indictment against him. The trial court granted the motion to withdraw his guilty plea and the state appealed. This court dismissed the appeal because

---

[1] Tier III is the most restrictive category of R.C. Chapter 2950. It requires registration with authorities every 90 days for life as well as a number of community-notification obligations under R.C. 2950.11. R.C. 2950.07(B)(1) and 2950.06(B)(3).

the state had failed to seek leave of this court to file its appeal. *State v. York*, 8th Dist. No. 97313 (Dec. 14, 2011).

{¶5} On January 25, 2012, after extensive briefing, the trial court held a hearing off the record and granted York's motion to dismiss and dismissed the case. It is from this order that the state now appeals, raising the following assignment of error for our review:

> I. The trial court erred when it granted defendant's motion to dismiss because the defendant's failure to provide a notice of change of address was required under Megan's Law. Defendant's reclassification under the Adam Walsh Act did not change his obligation to provide the sheriff a notice of change of address.

{¶6} In 2011, the Ohio Supreme Court held that the Adam Walsh Act was unconstitutional as applied to defendants who had committed sex offenses prior to its enactment. *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108. Even so, the state claims that York had a duty to register under Megan's Law and his classification as a Tier III sex offender under the Adam Walsh Act did not affect his duty to provide a notice of a change of address under Megan's Law. The state concedes that precedent in this district states otherwise; that convictions based on an unlawful reclassification of the Adam Walsh Act are invalid and cannot be maintained even if a defendant's conduct would have constituted a violation under Megan's Law. *State v. Gilbert*, 8th Dist. Nos. 95083 and 95084, 2011-Ohio-1928; *State v. Page*, 8th Dist. No. 94369, 2011-Ohio-83; *State v. Smith*, 8th Dist. No. 92550, 2010-Ohio-2880; *State v. Patterson*, 8th Dist. No. 93096, 2010-Ohio-3715; *State v. Jones*, 8th Dist. No. 93822,

2010-Ohio-5004.    The state argues that it filed its appeal to preserve its issues, noting that the specific issue is currently before the Ohio Supreme Court in *State v. Brunning*, Ohio Supreme Court No. 2011-1066; *State v. Campbell*, Ohio Supreme Court No. 2011-1061; and *State v. Gilbert*, Ohio Supreme Court No. 2011-1062.

{¶7} York argues that because he did not have a duty to register under Megan's Law, the trial court correctly dismissed the case against him.    York submits that the evidence in the record supports his contention that he completed his sentence for sexual battery prior to the enactment of Megan's Law; therefore, he was correctly never classified as a sexual offender pursuant to Megan's Law.

{¶8} In    *State v. Champion*, 106 Ohio St.3d 120, 2005-Ohio-4098, 832 N.E.2d 718, the Ohio Supreme Court held that "[a] person whose prison term for a sexually oriented offense was completed before July 1, 1997, is not required to register under R.C. 2950.04(A)(1)(a) or periodically verify a current address under R.C. 2950.06(A)."    *Id.* at the syllabus; *see also State v. Palmer*, 131 Ohio St.3d 278, 2012-Ohio-580, 964 N.E.2d 406, ¶ 25 (finding that Megan's Law does not apply when defendant completed his sentence for sexual battery before July 1, 1997).    Thus, if York completed his prison sentence for sexual battery prior to the enactment of Megan's Law, the former law's registration requirements do not apply to him.

{¶9} When York pleaded guilty to sexual battery in 1995, he also pleaded guilty to attempted felonious assault.    *State v. York*, Cuyahoga C.P. No. CR-326350.    At that time, he was on probation for three other drug related cases:    Case Nos. CR-308110,

CR-311834, and CR-314804. In Case No. CR-326350, the trial court sentenced York to two years in prison for sexual battery concurrent to two to ten years in prison for attempted felonious assault. That sentence was ordered to run consecutive to 18 months in prison for Case No. CR-308110, 18 months in prison for Case No. CR-311834, and three to five years in prison for Case No. CR-314804. According to the information in the trial court's record, York completed his sentence for sexual battery on February 2, 2007.

{¶10} The state argues that his sentence for sexual battery was completed *after* July 1, 1997; therefore, the registration requirements of Megan's Law apply to him. To support its argument, the state claims that the conviction for sexual battery "should have been" or "was" served after his sentences for his three drugs cases because those cases were prior convictions and the trial court specifically ordered the sentence in CR-326350 to run consecutive to those three cases. The state does not support its contention with anything more that stating that his sentence for sexual battery "should have" commenced after the sentences for his other cases were completed.[2] Nor did the state provide this court with a transcript of the sentencing hearing.

{¶11} The evidence in the record, provided by York, is a letter from the Ohio Department of Rehabilitation and Correction, dated February 10, 2011, which clearly indicates that his two year prison term for sexual battery ended on February 2, 1997. So

---

[2]The only authority the state cites to support its argument, *State v. Marrero*, 8th Dist. No. 95859, 2011-Ohio-3587, is inapposite to the case at bar.

whether the sentence for sexual battery and attempted felonious assault "should have" started after the sentences for York's drug cases, the only evidence in the record is that the sentence for sexual battery ended in February 1997. Because York's sentence ended prior to the enactment of Megan's Law, he was not subject to its registration requirements.

{¶12} Based on these facts, it is unnecessary to further restate or examine this district's precedent with regard to invalid convictions under the Adam Walsh Act. Simply put, no matter the outcome of the cases currently before the Ohio Supreme Court on this matter, York was not subject to notification requirements under Megan's Law as he served his sentence prior to that law's enactment. Therefore, any conviction based on an unlawful classification under the Adam Walsh Act cannot be maintained even if his conduct would have constituted a violation of Megan's Law. The trial court correctly dismissed the indictment against York.

{¶13} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., JUDGE

PATRICIA ANN BLACKMON, A.J., and
SEAN C. GALLAGHER, J., CONCUR