**Gene BOOKER, Petitioner,**

v.

**Ted ENGLE, et al., Respondent.**

**No. C-3-81-628.**

United States District Court, S. D. Ohio, W. D.

April 5, 1982.

Gene Booker, pro se.

DECISION AND ENTRY ON PRELIMINARY CONSIDERATION OF PETITION FOR WRIT OF HABEAS CORPUS, FILED PURSUANT TO 28 U.S.C. § 2254, Rule 4; FIRST CLAIM FOR RELIEF, REGARDING TRIAL COURT'S FAILURE TO RETURN DEFENDANT FOR SENTENCING, DISMISSED; FURTHER PROCEDURES ORDERED WITH RESPECT TO FOURTH AMENDMENT AND INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

RICE, District Judge.

The captioned cause is an application for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254. The matter is before the Court for preliminary consideration pursuant to 28 U.S.C. § 2254, Rule 4.

After a jury trial in the Clark County Court of Common Pleas, petitioner was convicted of receiving, retaining or disposing of stolen property in violation of Ohio criminal law. Judgment on the conviction was entered by the trial court on December 20, 1979. Petitioner was sentenced to a term of 12 to 30 years. For reasons not appearing in the petition, the Second District Court of Appeals reversed and remanded in part, on October 24, 1980. According to the petition and memorandum filed in support (doc. # 4), the matter was remanded to the trial court for the purpose of sentencing.

In addition to the above proceedings, and presumably subsequent thereto, petitioner initiated a proceeding in the Ohio Supreme Court, the nature of which he describes as "Reconsideration and Show Cause." Although not entirely clear, it appears that this proceeding was commenced by petitioner on the ground that the trial court had refused to return him for resentencing ordered by the appellate court. Petitioner indicates that no action was forthcoming by the Ohio Supreme Court.

Petitioner also filed a writ of habeas corpus in the United States District Court in Columbus, again raising the refusal of the trial court to return him for resentencing. Petitioner indicates that his application was denied, but the petition does not reveal when this occurred.

In the petition now before the Court, petitioner raises two, broad claims for relief, to wit: denial of a fair trial and ineffective assistance of counsel (Grounds # 1 and 2, respectively). However, the factual allegations set forth in support of these grounds overlap and are, to a certain extent, duplicative. Under Ground # 1, Denial of a Fair Trial, petitioner alleged, "Confiscated all my money & worldly goods, had no preparation or adequate, representation at trial. None of the things I asked to be done, were done during trial." Under Ground # 2, Ineffective Assistance of Counsel, petitioner alleges that he "was not able to confront the so called witness against me, at trial ... With no money, or

preparation I was at a loss, to obtain a fair trial."

Additionally, in support of Ground # 1, petitioner makes a somewhat vague allegation about police going "to a place to arrest and search, with a warrant for some one else," at a time when petitioner was incarcerated in Columbus, and after which he was "given (7) indictments." Then, in support of Ground # 2, petitioner makes the following allegation:

The police obtained a warrant, to search a house that I hadn't been in, for a year. To say that things found there, were mine. nd [sic] that a truck, found to be in some one else's possession, I was indicted for receiving, retaining or disposing this vehicle ... Some blank automobile titles, were also found, at this house, and charged to me.

Finally, petitioner has, by way of his Memorandum in Support, filed January 26, 1982 (doc. # 4), again raised the matter of the trial court's failure to return him for resentencing. Therein, it appears to be petitioner's position that his physical presence at the resentencing was mandatory, and the trial court's failure to order his presence constitutes a deprivation of due process. Petitioner also asserts that due process was not satisfied by the notice of modified· sentence received by him through the mail.

As this Court reads the position, together with the supporting memorandum,[1] it appears that petitioner is, in reality, raising the following claims for relief:

1. Deprivation of due process, deriving from the trial court's failure to return him for resentencing, and delay in complying with the appellate court's order to resentence;

2. One or more obscure Fourth Amendment claims, arising from what appears to have been two, separate searches; one pursuant to a warrant "for some one else" on an unspecified date, at an unspecified location, and the second pursuant to a warrant to search a house that petitioner had not been in for over a year prior to the search; and

3. Ineffective assistance of counsel.

 Simply stated, the Court has been unable to find any authority supporting petitioner's claim that the trial court's failure to return him for, the resentencing ordered by the appellate court, which evidently involved a reduction of the original sentence, constitutes a deprivation of due process. Neither the rule relied upon by petitioner, Rule 5, Rules of Superintendence for Municipal and County Courts, M.C.Sup.R., nor its counterpart for Common Pleas Courts, C.P.Sup.R. 8,[2] supports petitioner's position. This rule merely establishes the time limits for the imposition of original sentence, provided the defendant is available within the prescribed period. That the rule applies to original sentencing, rather than resentencing, is made clear by the fact that the 15 day time limit begins to run from the time of "verdict or finding of guilt or receipt of a completed ... *pre-sentence* investigation report." *Id.* (emphasis added).

Moreover, the Court finds nothing in the language of Rule 32, Ohio R.Crim.P.,[3] or the

---

1. Petitioner's Memorandum in Support shall henceforth be deemed an amendment to the petition, to the extent that it raises a matter, referred to, but not specifically raised as a ground for relief in the original petition.

2. Rule 8(c), M.C.Sup.R., provides:

Provided the defendant in a criminal case is available, the court shall impose sentence or hold a sentencing hearing with all parties present, within 15 days of the verdict or finding of guilt or receipt of a completed probation officer's pre-sentence investigation report.

3. Rule 32, Ohio Crim.P., provides, in pertinent part:

(A)(1) Imposition of Sentence. Sentence shall be imposed without unnecessary delay ... Before imposing sentence, the court shall afford counsel an opportunity to speak on behalf of the defendant, and shall also address the defendant personally and ask him if he wishes to make a statement in his own behalf or present any information in mitigation of punishment.

(2) After imposing sentence in a serious offense ... the court shall advise the defendant that: (a) he has a right of appeal; (b) if he is unable to pay the cost of an appeal he has

cases construing same, to suggest that the procedures set forth therein for original sentencing must be followed and repeated for resentencing. That the rule requires a trial court, after imposition of sentence, to advise a defendant of his right to take a direct appeal from his conviction is a clear indication that the rule applies only to original sentencing, not to resentencing. By way of illustration, readvising a prisoner of his right to a direct appeal would be a meaningless redundancy in a situation such as the one presented herein, where the mandate to resentence resulted from petitioner's having taken a direct appeal.

Absent any allegation that petitioner was not afforded an opportunity to address the trial court prior to the imposition of the original sentence or that he was not fully apprised of his legal rights subsequent to the imposition of that sentence, in the manner provided in Rule 32, the Court concludes that petitioner received all the due process to which he was entitled at the time original sentence was imposed. The Court further concludes that, having received notice of modified sentence through the mail, *see,* doc. # 4, at 1, and absent any authority requiring a prisoner to be physically present for resentencing, petitioner suffered no deprivation of due process or no prejudice from the trial court's failure to return him for resentencing. Therefore, based on the foregoing, the Court concludes that the petitioner's first claim for relief is not well taken and same is, hereby, dismissed pursuant to 28 U.S.C. § 2254, Rule 4.

■ To the extent that petitioner's allegations regarding the search conducted pursuant to a warrant "for some one else" and the search conducted pursuant to a warrant to search a house petitioner had not been in for over a year ("search allegations"), raise one or more Fourth Amendment claims, they, too, are subject to summary dismissal under Rule 4, *supra.* An applicant for writ of federal habeas corpus

may not present Fourth Amendment claims, absent some indication that he was denied a full and fair opportunity to litigate the matter in the state courts. *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976); *Moore v. Cowan,* 560 F.2d 1298, 1301–02 (6th Cir.), *cert. denied,* 436 U.S. 960, 98 S.Ct. 3079, 57 L.Ed.2d 1127 (1977). This prohibition against raising Fourth Amendment claims in a federal habeas corpus action applies even where the reviewing court does no more "than take cognizance of the constitutional claim and render[s] a decision in light thereof." *Id.* at 1302.

■ Thus, assuming that the Court has correctly characterized petitioner's "search allegations" as giving rise to Fourth Amendment claims, petitioner is precluded from presenting them in the instant action. If, however, petitioner disagrees with the Court's characterization, and has raised the "search allegations" for some other purpose, that is, in support of some other distinct, constitutionally-based claim for relief, petitioner is hereby granted 21 days from receipt of this decision to so advise the Court. If the Court receives no response within this period, it will thereafter enter an order dismissing the petition with respect to these allegations. However, if petitioner chooses to respond, the Court also directs him, pursuant to 28 U.S.C. § 2254, Rule 7(a) & (b), to expand the record by submitting a narrative account of the events about which he complains, including a statement which sets forth, with particularity, his reasons for believing that these searches resulted in violations of his constitutional rights. Petitioner is further directed to state whether these matters were presented to the Second District Court of Appeals as assignments of error on petitioner's direct appeal. Should petitioner submit information indicating that the Court has misperceived the nature of his claim, predicated on the "search allegations," it will, at that juncture, determine what, if any, further action need be taken with respect thereto.

the right to appeal without payment; (c) if he is unable to obtain counsel for an appeal, counsel will be appointed without cost; (d) if he is unable to pay the costs of documents necessary to an appeal, such documents will be provided without cost; and (e) he has a right to have notice of appeal timely filed on his behalf.

■ Petitioner's remaining claim for relief is ineffective assistance of counsel. Unlike a claim predicated on the Fourth Amendment, which is usually precluded from consideration in federal habeas corpus actions, this Sixth Amendment claim is cognizable under 28 U.S.C. § 2254. However, before this claim may be considered and relief granted thereon, petitioner must first have exhausted the remedies available to him in the state courts. 28 U.S.C. § 2254(b)–(c). The Supreme Court has emphasized "that the federal claim must be fairly presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). The purpose of the exhaustion requirement is " 'to give the State an initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.' " *Id., quoting, Wilwording v. Swenson*, 404 U.S. 249, 250, 92 S.Ct. 407, 408, 30 L.Ed.2d 418 (1971). Thus, absent a showing that no state remedies are available or that circumstances exist that would render the available remedies ineffective in protecting the applicant's rights, *see*, 28 U.S.C. § 2254(b), exhaustion of available state remedies is a prerequisite to federal habeas corpus relief.

■ Considering the petition in light of the foregoing, the Court finds itself unable to determine whether petitioner has satisfied the statutory prerequisite with respect to his claim of ineffective assistance of counsel. Certain portions of the petition, read in isolation, indicate that he has exhausted his remedies. *See, e.g.*, petitioner's responses or lack of same under items # 12 and # 13 of the standardized petition. However, petitioner has also indicated in the petition that his attorney on direct appeal was the same attorney who represented him at the pre-trial and trial stages of the proceedings. *See*, Petition, # 15(a)–(e). Although not totally beyond the realm of possibility, it is, in this Court's opinion, extremely unlikely that petitioner's pre-trial and trial attorney would, on appeal, raise the claim of ineffective assistance of counsel against himself. In the normal course of events, this claim is raised, if at all, either by successor counsel or by a defendant, proceeding on a pro se basis.

If petitioner's counsel did, in fact, raise this claim on appeal and same was rejected as a ground for reversal by the state appellate court, then it would appear that petitioner has satisfied the exhaustion requirement and is, therefore, entitled to reassert this claim in the present action. If, however, the claim was not raised on appeal, then, before it may be considered under 28 U.S.C. § 2254, petitioner must first present his claim to the state court through the remedial process still available to him, namely, Ohio's Post Conviction Act, Ohio Rev.Code § 2953.21. *See also, Saylor v. Overberg*, 608 F.2d 670 (6th Cir. 1979); *State v. Hester*, 45 Ohio St.2d 71, 341 N.E.2d 304 (1976).

In order to resolve the inherent ambiguity in the petition, regarding whether, and to what extent, petitioner has exhausted his available state remedies with respect to his claim of ineffective assistance of counsel, and in an effort to expedite final determination of petitioner's entitlement to the requested writ, the Court directs petitioner, pursuant to 28 U.S.C. § 2254, Rule 7(a)–(b), to expand the record by answering, under oath, the following two interrogatories:

1. Did you or your attorney raise the claim of ineffective assistance of counsel on the direct appeal of your conviction?

2. If your answer to # 1 is no, have you presented the claim of ineffective assistance of counsel to any state court, in any proceeding, prior to the instant action for writ of habeas corpus, including, but not limited to, a petition to vacate or set aside sentence, pursuant to Ohio Rev.Code § 2953.21?

The answers to the above interrogatories must be submitted no later than 21 days from receipt of this decision. Upon receipt of same, the Court will determine what, if any, further action is required with respect to petitioner's claim of ineffective assistance of counsel.

To summarize briefly, the Court concludes, based upon an examination of the

petition and supporting memorandum, that petitioner's first claim for relief, regarding the trial court's failure to return him for sentencing, is without merit and is, therefore, dismissed. The Court further concludes that the petition must be dismissed, to the extent that the petitioner's "search allegations" raise Fourth Amendment claims. However, if the Court has, because of the vagueness of these allegations, mischaracterized the nature of petitioner's claim or claims, predicated on the "search allegations," petitioner must apprise Court of same, and expand the record, in the manner and within the time period previously set forth. Upon receipt of any submissions on the matter, the Court will determine what, if any, further action is required. Finally, the Court is unable to determine from the face of the petition whether petitioner has exhausted his available state remedies, with respect to his claim of ineffective assistance of counsel. Therefore, no determination on this claim will be made until such time as the Court has received petitioner's answers to the interrogatories propounded by the Court.