CITY OF EUCLID, Appellee,

v.

BRACKIS, Appellant.

[Cite as *Euclid v. Brackis* (1999), 135 Ohio App.3d 729.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 75736.

Decided Dec. 20, 1999.

*Richard A. Wiegand,* City Prosecutor, for appellee.

*John Spellacy,* for appellant.

PATTON, JUDGE.

In 1995, a jury found defendant Daniel Brackis guilty of driving while under the influence and driving while under suspension. The court sentenced defendant to one year in prison (the maximum term of incarceration) and placed him on five years' active probation (the maximum term of probation). On appeal, we affirmed the convictions but reversed the probation order because we found that the court could not impose probation in addition to a maximum sentence. Since the court had not suspended any part of defendant's sentence, we remanded the matter to the court "for a determination of a proper sentence." See *Euclid v. Brackis* (Jan. 23, 1997), Cuyahoga App. No. 69928, unreported, 1997 WL 25519. At the time, defendant had served ten months of his one-year sentence, but was free on appeal bond.

On remand, the matter remained pending for more than twenty-one months without any action on the remand order. Defendant filed a petition for postconviction relief, which asked the court to "dismiss the matter" pursuant to Crim.R. 32(A)[1] due to the delay in resentencing. The court granted the petition in part and dismissed the petition in part. The court found that it lacked jurisdiction as a municipal court to entertain the petition because R.C. 2953.21 does not apply to misdemeanor convictions. The court did, however, find that it had unduly

---

1. The rule provides that "[s]entence shall be imposed without unnecessary delay."

delayed in resentencing defendant and vacated the five-year term of probation. Defendant appeals, claiming that the court should have vacated the remaining two months of his sentence.

Although Fed.R.Civ.P. 32(A)(1) is virtually identical to Crim.R. 32(A)(1), Ohio and the federal courts differ when addressing the issue of unnecessary delay in resentencing. The federal courts do not appear to apply Fed.R.Civ.P. 32(A)(1) when dealing with the issue of unnecessary delay in resentencing. Instead, they apply a Sixth Amendment speedy-trial analysis. See, *e.g., United States v. Thomas* (C.A.6, 1999), 167 F.3d 299 (applying Sixth Amendment analysis to twenty-nine-month delay in resentencing); *Gable v. Massey* (C.A.5, 1978), 566 F.2d 459 (applying Sixth Amendment analysis when the state trial court waited one hundred eighteen days to comply with appellate court's mandate to resentence). In fact, one district court has expressly refused to apply Crim.R. 32(A)(1) to resentencing, finding that the express wording of the rule does not apply to resentencing. See *Booker v. Engle* (S.D.Ohio 1982), 535 F.Supp. 1300, 1302–1303.

Ohio courts dealing with the issue of unnecessary delay in resentencing, however, have applied Crim.R. 32(A) to resentencing. See, *e.g., State v. Collier* (Oct. 24, 1991), Cuyahoga App. No. 61318, unreported, 1991 WL 221986; *State v. Crosier* (May 31, 1988), Tuscarawas App. No. 87 AP 12–0098, unreported, 1988 WL 59531 (fourteen-month delay between appellate remand and resentencing violated Crim.R. 32[A]).

However, in *State v. Taylor* (Oct. 29, 1992), Cuyahoga App. No. 63295, unreported, 1992 WL 316323, this court cited *Booker v. Engle* (S.D.Ohio 1982), 535 F.Supp. 1300, for the proposition that Crim.R. 32 does not apply to resentencing.

Notwithstanding, we find that our remand order in *Brackis* in essence ordered a resentencing. The twenty-two-month delay between the remand and resentencing was a clear violation of the Sixth Amendment right to a speedy trial.

Defendant claims that the twenty-one-month delay between remand and resentencing, during which he remained free on appellate bond, would be extremely prejudicial if he were ordered to serve the remaining two months of his sentence. Under the circumstances, we find that the delay caused by the court's failure to act timely on our order to make some disposition of probation constituted a Sixth Amendment speedy-trial violation of defendant's rights. We therefore sustain the assignment of error and vacate the remaining portion of defendant's jail term.

*Judgment vacated*
*and appellant discharged.*

TIMOTHY E. McMONAGLE, P.J., and ROCCO, J., concur.