JOURNAL ENTRY and OPINION
{¶ 1} Appellant Joseph Huber appeals from the trial court's re-sentencing him to a prison term of six years on three counts. On October 24, 2002, this court in State v. Huber,[1] (hereinafter referred to as Huber I) affirmed in part, reversed in part, and remanded Huber's original case for re-sentencing. On March 19, 2003, the Ohio Supreme Court declined to hear Huber's appeal from the judgment rendered by this court in Huber I.[2] On June 18, 2003, this court denied Huber's application to reopen the judgment rendered by this court inHuber I.[3] On June 28, 2004, this court denied Huber's second application to reopen the judgment rendered by this court in Huber I.[4]
On March 3, 2004, the trial court resentenced Huber as ordered by this court's remand. On September 13, 2004, we granted Huber leave to file a delayed appeal. In this appeal, he assigns the following error for our review:
"I. The nearly one year delay in re-sentencing the appellant violatedthe Sixth and Fourteenth Amendment of the U.S. Constitution and Crim.R.Constitution and Crim.R. 32(A)(1) and the trial court was divested ofjurisdiction to enter a sentence."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} On October 16, 2001, Huber was convicted after a bench trial for one count of kidnapping and two counts of felonious assault. On direct appeal, this court affirmed the conviction but, remanded for resentencing after determining that the trial court imposed an eight-year sentence in its journal entry versus the six-year sentence it imposed in open court.
 {¶ 4} Huber appealed to the Ohio Supreme Court, but did not challenge the six-year sentence the trial court imposed. On March 19, 2003, the Ohio Supreme Court declined to hear Huber's appeal. Thereafter, this court denied Huber's two successive applications to reopen his direct appeal. Consequently, Huber motioned the trial court to resentence him in absentia. On January 26, 2004, the trial court resentenced Huber in absentia to a six-year term of imprisonment. However, the trial court vacated the order and ordered Huber to be transported from prison for a sentencing hearing. At the sentencing hearing on March 3, 2004, the trial court imposed the six-year term of imprisonment. Huber now appeals.
 {¶ 5} In his sole assigned error, Huber argues the unnecessary delay in resentencing him violates his rights under Crim.R. 32(A) and theSixth Amendment of the U.S. Constitution. We disagree.
 {¶ 6} The record reveals that after Huber's unsuccessful attempt to have his case heard by the Ohio Supreme Court it was returned to the trial court on April 16, 2003. Huber was subsequently resentenced on March 3, 2004. Therefore, it is undisputed that there was a delay of almost one year in resentencing Huber.
 {¶ 7} Huber asserts that this delay rendered the trial court without jurisdiction to resentence him. Huber cites State v. Brown,[5] and urges this court to uphold his conviction, but vacate his sentence. However, the facts of the instant case are distinguishable. In Brown,
more than three years elapsed between the time the defendant pled guilty until the time he was sentenced, and this delay divested the trial court of jurisdiction to render any sentence. Unlike Brown, where the defendant was never sentenced, Huber was sentenced, but the journal entry differed from the sentence pronounced in open court. We remanded the matter for resentencing. Accordingly, we believe that Brown and the cases[6] that follow it are correct as they reference the original sentencing. They are different from this case because this was a remand for resentencing.
 {¶ 8} Since the case involves resentencing, the issue is whether this delay is presumptively prejudicial, requiring a dismissal of the case.[7]
In State v. Taylor,[8] this court held Crim.R. 32 does not apply to resentencing. Thus, Huber's contention that the trial court violated Crim.R. 32(A) is without merit. We, therefore, proceed to analyze the delay in resentencing pursuant to the Sixth Amendment of the U.S. Constitution. In order to resolve this issue, we look to the criteria set forth in Barker v. Wingo,[9] which are the length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.
 {¶ 9} We acknowledge that the court's failure to act within a reasonable time in sentencing appellant is not the better course of action. However, the concern is whether Huber was prejudiced. This court has held that a twenty-two month delay between remand and resentencing is resentencing is prejudicial when the appellant is out on bond.[10] InCity of Euclid v. Brackis, this court found Brackis had been out of jail on bond and that to return Brackis to jail after he had been out of jail on bond in order to serve the remaining two months would be extremely prejudicial.
 {¶ 10} In the instant case, Huber was in jail and not out on bond. Therefore, because he was in jail for a six-year sentence, the nearly one-year delay did not result in prejudice like in Brackis.
Additionally, in Huber's direct appeal to this court he argued his sentenced should be reduced to the six-year term the trial court imposed in open court. Further, in his appeal to the Ohio Supreme Court, Huber did not challenge the six-year sentence imposed. Moreover, the delay in resentencing was also caused by Huber's numerous appeals. Accordingly, Huber was not prejudiced by the trial court's delay, and we overrule his sole assigned error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., and Gallagher, J., Concur.
[1] (Oct. 24, 2002), Cuyahoga App. No. 80616, 2002-Ohio-5839.
[2] State v. Huber (2003), 98 Ohio St.3d 1490, 2003-Ohio-1189.
[3] State v. Huber (Jun. 18, 2003), Cuyahoga App. No. 80616, 2003-Ohio-3210. (Huber II).
[4] State v. Huber (Jun. 28, 2004), Cuyahoga App. No. 80616, 2004-Ohio-3951. (Huber III).
[5] (2003), 152 Ohio St.3d 8, 2003-Ohio-1218.
[6] State v. Johnson (Nov. 24, 2003), 12th Dist. No. CA 2002-07-016, 2003-Ohio-6261.
[7] State v. Corrigan (Aug. 19, 2004), Cuyahoga App. No. 83088, 2004-Ohio-4346.
[8] (Oct. 29, 1992), Cuyahoga App. No. 63295.
[9] (1972), 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101.
[10] City of Euclid v. Brackis (1999), 135 Ohio App.3d 729.