JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Larry McQueen, appeals from his resentencing complaining that a 19-month delay between remand and actual resentencing violated his speedy trial rights. He also complains that the court failed to conduct a de novo sentencing hearing. Neither contention has merit so we affirm.
 {¶ 2} The court found McQueen guilty of aggravated robbery, aggravated burglary, kidnapping, felonious assault, and various firearm specifications. It ran some of those counts consecutively and sentenced McQueen to a total of 18 years in prison. We affirmed the conviction inState v. McQueen, Cuyahoga App. No. 85330, 2005-Ohio-4013, specifically rejecting McQueen's argument that the court erred by making factual findings under former R.C. 2929.14(E)(4) as a predicate to imposing consecutive sentences. Following the release of State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, and its ruling that former R.C. 2929.14(E)(4) was unconstitutional because it required judicial findings of fact not proven to a jury beyond a reasonable doubt or admitted by the defendant before the imposition of consecutive sentences, the supreme court ordered that McQueen be resentenced. See In re Ohio Crim.Sentencing Statutes Cases, 109 Ohio St.3d 450, 2006-Ohio-2626. Nineteen months after the supreme court remand, the court resentenced McQueen and imposed the same 18-year sentence. *Page 4 
 I {¶ 3} McQueen's first assignment of error complains that the 19-month delay between remand and resentencing was so excessive that it violated Crim. R. 32(A).
 {¶ 4} Crim. R. 32(A) states that "[s]entence shall be imposed without unnecessary delay." We have held that Crim. R. 32(A) is not applicable to resentencings. See State v. Taylor (Oct. 29, 1992), Cuyahoga App. No. 63295; State v. Corrigan, Cuyahoga App. No. 83088, 2004-Ohio-4346.
 {¶ 5} Apart from any statutory basis for resentencing delays, we recognize that "excessive delays in sentence execution have an adverse impact on the proper administration of justice by diminishing the deterrent effect intended by criminal penalties." State v. Zucal,82 Ohio St.3d 215, 220, 1998-Ohio-377. The adverse impact is measured by the prejudice caused by any delay in resentencing. For example, inEuclid v. Brackis (1999), 135 Ohio App.3d 729, we found a resentencing delay of 22 months to be prejudicial because Brackis had been released on bond during that time period and was ordered to serve an additional two months. On the other hand, in State v. Huber, Cuyahoga App. No. 85082, 2005-Ohio-4346, we found no prejudice from an 11-month delay in resentencing because Huber had been incarcerated during the period of delay and his six-year sentence meant that he would not have been eligible for release during the period of delay. *Page 5 
 {¶ 6} The court originally sentenced McQueen to a term of 18 years and reimposed that same sentence during resentencing. While we agree with McQueen that a 19-month delay in resentencing is a serious administrative lapse by the court, we nonetheless conclude that he has shown no prejudice from the delay. The length of his sentence meant that McQueen would have remained lawfully incarcerated despite the delay, so the court's delay in resentencing did not affect him in any material respect.
 II {¶ 7} McQueen next argues that the court failed to conduct a de novo review of the facts at his resentencing, apparently in reference to the sentencing court's obligation to consider the sentencing guidelines and factors set forth in R.C. 2929.11 and 2929.12. We summarily reject this argument because the court's sentencing entry indicates that the court found a prison term to be consistent with the purpose of R.C. 2929.11
and that it considered all required factors. In the absence of a record showing what went into that consideration, we presume that the court gave proper consideration to those factors. See State v. Kalish,120 Ohio St.3d 23, 2008-Ohio-4912, fn. 4.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. *Page 6 
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and PATRICIA ANN BLACKMON, J., CONCUR. *Page 1