[Cite as *State v. Nia*, 2013-Ohio-5424.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99387**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## AKANBI NIA

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED IN PART, REVERSED IN PART AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-456529

**BEFORE:**   Blackmon, J., Rocco, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:**   December 12, 2013

-i-

**ATTORNEY FOR APPELLANT**

Joseph Vincent Pagano
P.O. Box 16869
Rocky River, Ohio 44116

Akanbi Nia, Pro Se
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio 44901


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   John R. Kosko
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

**{¶1}** Appellant Akanbi Nia appeals his sentence and assigns, through counsel, the following errors for our review:

> I. Appellant's federal and state constitutional right to due process was violated when the trial court imposed a prison term after an unreasonable delay, approximately 68 months after appellant's original sentences were vacated.

> II. Appellant's Sixth Amendment right to effective assistance of counsel was violated where appellant was not resentenced until 68 months after his original sentences were vacated.

> III. The court erred when it sentenced appellant to consecutive prison terms.

**{¶2}** Nia also assigns the following, pro se, supplemental errors:

> IV. The trial court erred when it imposed a sentence upon the appellant after a 68 month unreasonable delay upon remand for resentencing, violating his rights to due process to a final appealable judgment without unnecessary delay under both the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution guarantee due process of law.

> V. The trial court abused its discretion when it failed to consider whether the state acted in bad faith in the unreasonable delay of having the appellant resentenced.

**{¶3}** Having reviewed the record and pertinent law, we affirm in part, reverse in part, and remand for resentencing. The apposite facts follow.

**{¶4}** In 2005, a jury convicted Nia of aggravated murder and attempted aggravated murder. The judge sentenced him to an aggregate prison term of 28 years to

life.  In *State v. Nia*, 8th Dist. Cuyahoga No. 87335, 2007-Ohio-1283, we affirmed the convictions, but vacated the sentences, and remanded the case to the trial court for resentencing pursuant to *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

{¶5}  On April 23, 2007, the trial court scheduled a resentencing hearing for May 8, 2007, and ordered the sheriff to transport Nia back to Cuyahoga County.  However, Nia was not resentenced.  On March 31, 2011, Nia filed a pro se motion for discharge.  On April 8, 2011, the trial court attempted to conduct a resentencing hearing by video conference, but Nia declined to waive his physical appearance in court.  Thereafter, the trial court overruled Nia's motion for discharge.

{¶6}  On December 3, 2012, Nia filed a writ of mandamus against the trial court and the prison warden to compel them to remand him to the custody of the Cuyahoga County Sheriff.   On December 7, 2012, the trial court ordered that Nia be transported back to Cuyahoga County for resentencing.

{¶7} On December 19, 2012, the trial court resentenced Nia to consecutive prison terms totaling 28 years.   Nia having been resentenced, in *State ex rel. Nia v. Friedman*, 8th Dist. Cuyahoga No. 99244, 2013-Ohio-706, we denied, as moot, the application for a writ of mandamus.

## Delay in Resentencing

{¶8} Because of their common basis in fact and law, we will simultaneously address the first, fourth, and fifth assigned errors. Within these assigned errors, Nia contends the trial court violated his due process rights when it imposed a prison term after a 68-month delay.

{¶9} Preliminarily, we note this court has repeatedly held that Crim.R. 32(A)'s requirement that a sentence be imposed without unnecessary delay does not apply to resentencing. *State v. Wright*, 8th Dist. Cuyahoga No. 95096, 2011-Ohio-733; *State v. Harris*, 8th Dist. Cuyahoga No. 95010, 2011-Ohio-482; *State v. Coleman*, 8th Dist. Cuyahoga No. 94866, 2011-Ohio-341; *State v. Craddock*, 8th Dist. Cuyahoga No. 94387, 2010-Ohio-5782; *State v. Huber*, 8th Dist. Cuyahoga No. 85082, 2005-Ohio-2625.

{¶10} When reviewing a delay in resentencing, the appellate court must consider whether the delay prejudiced the defendant. *State v. McQueen*, 8th Dist. Cuyahoga No. 91370, 2009-Ohio-1085, ¶ 5. Whether the defendant suffered prejudice as a result of the delay depends on the facts of the case. *Id.* For example, we have found prejudice when the defendant was released on bond during the delay and was then ordered to return to prison to serve an additional two months after the length of his sentence had lapsed. *Euclid v. Brackis*, 135 Ohio App.3d 729, 735 N.E.2d 511 (8th Dist.1999). However, we did not find prejudice where the defendant was incarcerated during the length of the delay and would not have been eligible for release during that time period. *Huber*, 8th Dist. Cuyahoga No. 85082, 2005-Ohio-2625.

{¶11} As previously noted, we affirmed Nia's convictions. *Nia*, 8th Dist. Cuyahoga No. 87335, 2007-Ohio-1283. Nia's convictions included one for aggravated murder, under R.C. 2903.01, which carries a penalty of 20 years to life. R.C. 2929.03(A). As a result, the trial court was required to impose a mandatory sentence of 20 years imprisonment for that offense.

{¶12} In the instant case, approximately 68 months elapsed between our remand and Nia's resentencing. Nia does not allege, nor does the record support a finding that the government purposely delayed his sentencing or acted in bad faith. In addition, the state does not allege, nor does the record support a finding that Nia delayed the hearing in any way. Thus, we view this delay as a serious administrative lapse.

{¶13} However, despite the lengthy delay, we cannot find prejudice to Nia given the facts of this case. Here, the trial court was required to resentence Nia to a minimum of 20 years imprisonment based only on the aggravated murder conviction. Because Nia could not have been released during the 68-month delay, he was not prejudiced.

{¶14} Nonetheless, Nia cites *State v. Smith*, 196 Ohio App.3d 431, 2011-Ohio-3786, 964 N.E.2d 3 (10th Dist.), in support of his contention that his right to due process was violated. However, *Smith* is distinguishable from the case at hand. In Smith, the court stated:

> * * * The trial court originally imposed an aggregate 16-year prison term. The court later sentenced Smith to an aggregate five-year prison term and notified him that he was subject to a five-year mandatory period of postrelease control on his release from prison. However, the court did not sentence Smith until he already spent more than six and one-half years in prison. Had the trial court sentenced him in a timely fashion, Smith would

not have unnecessarily spent more than a year and one-half of "extra" time in prison for his crimes. Moreover, Smith could have completed part of postrelease control during that time.

{¶15} Here, as previously stated, the trial court was required to resentence Nia to a minimum of 20 years imprisonment based only on the aggravated murder conviction. Therefore, unlike in *Smith*, in the instant case, Nia would not have unnecessarily spent more time in prison by virtue of the aforementioned 68-month delay. As such, Nia was not prejudiced by the delay. Accordingly, we overrule the first, fourth, and fifth assigned errors.

### Ineffective Assistance of Counsel

{¶16} In the second assigned error, Nia argues that if we determine that counsel did not preserve his right to appeal his resentencing, then he was denied the right to the effective assistance of counsel. Our review of the transcript of the sentencing hearing reveals that Nia's right to appeal his resentencing was adequately preserved by Nia and his counsel. Further, our disposition of the first, fourth, and fifth assigned errors, wherein we found that Nia was not prejudiced by the 68-month delay in resentencing, renders this issue moot. Accordingly, we overrule the second assigned error.

### Consecutive Sentences

{¶17} In the third assigned error, Nia argues the trial court erred by imposing consecutive sentences without making the appropriate findings.

{¶18} We review consecutive sentences using the standard of review set forth in R.C. 2953.08. *State v. Wells*, 8th Dist. Cuyahoga Nos. 99305, 99306, and 99307,

2013-Ohio-3809, citing *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶ 10 (holding that the standard of review set forth by the Ohio Supreme Court in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, is no longer valid in light of the enactment of H.B. 86 and the "revival" of statutory findings necessary for imposing consecutive sentences).

{¶19} R.C. 2953.08(G)(2) provides two grounds for an appellate court to overturn the imposition of consecutive sentences: (1) the sentence is "otherwise contrary to law"; or (2) the appellate court, upon its review, clearly and convincingly finds that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4). *Id.*, citing *Venes* at ¶ 11; R.C. 2953.08(G)(2).

{¶20} The presumption in Ohio is that sentencing is to run concurrent, unless the trial court makes the required findings for consecutive sentences set forth in R.C. 2929.14(C)(4). *State v. Wells*, 8th Dist. Cuyahoga No. 98428, 2013-Ohio-1179, ¶ 11; R.C. 2929.41(A).

{¶21} Under current R.C. 2929.14(C)(4), when imposing consecutive sentences, the trial court must first find the sentence is "necessary to protect the public from future crime or to punish the offender." Next, the trial court must find that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Finally, the trial court must find that one of the following factors applies:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction * * *, or was under postrelease control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term * * * adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C).

{¶22} Compliance with this statute "requires separate and distinct findings in addition to any findings relating to purposes and goals of criminal sentencing." *Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891 at ¶ 17, citing *State v. Jones*, 93 Ohio St.3d 391, 399, 2001 Ohio 1341, 754 N.E.2d 1252. The failure to make these findings is "contrary to law." *Id*. at ¶ 12.

{¶23} In the instant case, a review of the record reveals that the trial court did not strictly comply with the requirements of R.C. 2929.14(C)(4) prior to the re-imposition of consecutive sentences. At the hearing, the trial court discussed Nia's criminal conduct and specifically stated:

I don't always remember individual cases, and even some very serious ones tend to get confused over time. Some, on the other hand, some cases remain very active in memory. And every time I drive by the intersection of Superior and Coventry Roads in East Cleveland — and that is more than occasionally —I remember this trial. I remember the circumstances. I remember what happened. Tr. 19.

{¶24} The trial court then proceeded to make the following pertinent finding:

I firmly believe, as I did then, that nothing less than a consecutive sentence would adequately punish you, protect society, and anything less would demean the seriousness of this incident. I am not known on this court for giving many consecutive sentences, or lengthy sentences. In this case I believe that anything less than the 20 years to life plus eight years consecutive would not be appropriate. Tr. 20.

**{¶25}** Here, a review of the above excerpt reveals that the trial court found that a consecutive sentence was necessary to adequately punish Nia and protect the public. The trial court also found that consecutive sentences were not disproportionate to the seriousness of Nia's conduct and to the danger he poses to the public as required by R.C. 2929.14(C)(4).

**{¶26}** However, the trial court failed to find that at least one of the factors in R.C. 2929.14(C)(4), subsection (a),(b), or (c) applied. The trial court came close when it stated: "I do recall my own statement in the sentencing that there were — this is not a — simply a case of murder but the attempted murder as well are such that I do not believe that concurrent sentences are appropriate." Tr. 19. Here, the trial court stated what could be interpreted as the rationale for a subsection (b) finding, but stopped short of actually stating the finding.

**{¶27}** Accordingly, we sustain the third assigned error, and are constrained to reverse Nia's sentence and remand for a de novo resentencing hearing.

**{¶28}** Judgment affirmed in part, reversed in part, and remanded for resentencing.

It is ordered that appellee and appellant split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

KENNETH A. ROCCO, P.J., and
EILEEN A. GALLAGHER, J., CONCUR