[Cite as *State v. Bolton*, 2016-Ohio-5706.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103628**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TREVOR BOLTON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-10-537424-A

**BEFORE:** Celebrezze, J., Keough, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 8, 2016

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
BY:   Paul Kuzmins
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Daniel T. Van
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-appellant, Trevor Bolton, brings this appeal challenging the trial court's sentence for rape, kidnapping, gross sexual imposition, and having weapons while under disability. Specifically, appellant argues that the trial court erred by imposing consecutive sentences, and that the trial court erred by imposing a five-year prison term for having weapons while under disability. Furthermore, appellant argues that the trial court erred by denying his motion to dismiss based on the unjustifiable delay between remand and resentencing and his motion for DNA testing. After a thorough review of the record and law, this court affirms.

## II. Factual and Procedural History

{¶2} The Cuyahoga County Grand Jury returned a seven-count indictment charging appellant with: Count 1 — aggravated burglary, in violation of R.C. 2911.11(A)(2), with one- and three-year firearm specifications; Count 2 — kidnapping, in violation of R.C. 2905.01(A)(4), with one- and three-year firearm specifications and a sexual motivation specification; Counts 3-5 — rape, in violation of R.C. 2907.02(A)(2), with one- and three-year firearm specifications; Count 6 — gross sexual imposition, in violation of R.C. 2907.05(A)(1); and Count 7 — having weapons while under disability, in violation of R.C. 2923.13(A)(3). Appellant pled not guilty to the indictment.

{¶3} During the pretrial proceedings, appellant filed three motions: (1) a motion to dismiss the indictment based on preindictment delay, (2) a motion to suppress the victim's identification of appellant from a photo array, and (3) a motion to suppress evidence obtained from DNA samples taken from appellant. The trial court denied all three motions. Appellant elected to try Count 7 to the bench; Counts 1 through 6 were tried to the jury. Appellant's trial commenced on November 30, 2010. At the close of trial, the jury found appellant not guilty of Counts 1, 3, and 4, all of the firearm specifications, and the sexual motivation specification; the jury found appellant guilty of Counts 2, 5, and 6. The trial court found appellant guilty of Count 7. The trial court ordered a presentence investigation report and set the matter for sentencing.

{¶4} On January 6, 2011, the trial court sentenced appellant to an aggregate prison term of 16 and one-half years: ten years on the kidnapping and rape counts to be served concurrently, 18 months on the gross sexual imposition count, and five years on the having weapons while under disability count to be served consecutively to each other and consecutively to the rape and kidnapping counts. The trial court ordered appellant's sentence to run concurrently with his sentence in Cuyahoga C.P. No. CR-10-537277-A.[1] The trial court classified appellant under the Adam Walsh Act as a Tier III sex offender, requiring lifetime registration.

---

[1] Appellant pled guilty to drug trafficking, in violation of R.C. 2925.03(A)(2); drug possession, in violation of R.C. 2925.11(A); and possessing criminal tools, in violation of R.C. 2923.24(A). The trial court sentenced appellant to a prison term of six months.

{¶5} In *State v. Bolton*, 8th Dist. Cuyahoga No. 96385, 2012-Ohio-169 ("*Bolton I*"), this court affirmed appellant's convictions, but remanded the matter to the trial court for merger of, and resentencing on, the kidnapping and gross sexual imposition convictions. *Id.* at ¶ 97. Furthermore, this court instructed the trial court on remand to "reclassify appellant in accordance with Megan's Law[,]" rather than S.B. 10 and the Adam Walsh Act. *Id.* at ¶ 103.

{¶6} On September 27, 2012, the trial court held a resentencing hearing. The trial court merged the kidnapping and gross sexual imposition counts, and the state elected to sentence appellant on the gross sexual imposition count. The trial court resentenced appellant to the same prison term that it had previously imposed: ten years on the rape count, 18 months on the gross sexual imposition count, and five years on the having weapons while under disability count. The trial court ordered the gross sexual imposition and having weapons while under disability counts to run consecutively to one another and consecutively to the rape count for a total prison term of 16 and one-half years. The trial court designated appellant as a sexually oriented offender under Megan's Law, requiring annual registration for ten years.

{¶7} In *State v. Bolton*, 8th Dist. Cuyahoga No. 99137, 2013-Ohio-2467 ("*Bolton II*"), appellant challenged the sentence imposed at resentencing. Specifically, appellant argued that the trial court

> erred by refusing to conduct a de novo resentencing on all counts; that the court was legally barred from imposing consecutive sentences and in any event failed to make the requisite findings for doing so; that the court should have applied statutory changes to reduce [appellant's] sentence for

having a weapon under disability; and that the court failed to consider [appellant's] present circumstances when it resentenced him.

*Id.* at ¶ 1. This court concluded that the trial court could not conduct a de novo resentencing on all counts and that the trial court lacked the authority to resentence appellant on the having weapons while under disability count. *Id.* at ¶ 7. Rather, this court concluded that under *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, the trial court could only resentence appellant on the gross sexual imposition count. *Id.* at ¶ 6. This court explained that the gross sexual imposition count "was the only sentence affected by the remand necessitated by the allied offenses error." *Id.* Furthermore, this court concluded that although the trial court had the authority to impose consecutive sentences, the trial court did not make any of the findings required under R.C. 2929.14(C)(4). *Id.* at ¶ 14. This court remanded the matter to the trial court for further proceedings. *Id.* at ¶ 15.

{¶8} On May 29, 2015, appellant filed the following pro se motions: (1) a motion for DNA testing, (2) a motion to dismiss for delay in sentencing, (3) a motion for an evidentiary hearing, (4) a motion for relief from judgment, (5) a  motion for leave to file a delayed motion for a new trial, (6) a motion for a new trial, and (7) a memorandum in support of allocution.

{¶9} On September 16, 2015, the trial court held a hearing to resentence appellant and to address his pro se motions. The trial court denied all seven of appellant's motions.

**{¶10}** The trial court found that R.C. 2929.14(C)(4)(b) was applicable in the instant matter:

> Under [R.C. 2929.14(C)](4)(b), at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual, that no single prison term for any of the offenses committed as part of any of the courses of conduct will adequately reflect the seriousness of [appellant's] conduct. And this was a jury trial.
>
> The [c]ourt sat through that trial, presided over that trial, and had an opportunity to view — especially the victim's testimony in this case and the harm that she did suffer as a result of the various offenses that [appellant] was found guilty of.
>
> So I do believe that subsection C(4)(b) does apply. (Tr. 11-12.)

**{¶11}** Furthermore, the trial court found that appellant's "history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by [appellant], and as [appellant's counsel] has indicated, the prior crimes of [appellant] were primarily drug related." (Tr. 12.) Accordingly, the trial court sentenced appellant to ten years on the rape count, 18 months on the gross sexual imposition count, and five years on the having weapons while under disability count. The trial court ordered the gross sexual imposition and having weapons while under disability counts to run consecutively to one another and consecutively to the rape count, for a total prison term of 16 and one-half years.

**{¶12}** Appellant filed the instant appeal assigning four errors for review:

> I. The trial court erred in imposing [consecutive] sentences where the trial court was obligated to impose concurrent sentences.

II. The trial court erred in sentencing to [sic] the appellant to the five years for having a weapon under disability.

III. The trial court erred in denying appellant's motion to dismiss for the unjustifiable delay between remand and resentencing.

IV. The trial court erred in failing to grant DNA testing as requested by the appellant.

## II. Law and Analysis

### A. Trial Court's Sentence

{¶13} In his first assignment of error, appellant argues that the trial court exceeded the scope of this court's remand in *Bolton II*. Specifically, appellant contends that the trial court "was only authorized to strike the imposition of consecutive sentences and impose concurrent terms of incarceration."

{¶14} In *Bolton II*, this court concluded that during the September 27, 2012 resentencing hearing, the trial court "did not make any of the findings required under R.C. 2929.14(C)(4) before ordering consecutive sentences." *Id*. at ¶ 14. Accordingly, this court reversed the trial court's imposition of consecutive sentences and remanded the matter to the trial court. However, this court did not specifically instruct the trial court on remand to either consider whether consecutive sentences were appropriate under R.C. 2929.14(C)(4), conduct a de novo resentencing hearing, or, as appellant suggests, to impose concurrent sentences.

{¶15} Appellant argues that "when a trial court fails to properly impose consecutive sentences the sentences must be run concurrently." In support of his

argument, appellant directs this court to *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659. In *Bonnell*, the Ohio Supreme Court held:

> if the trial court does not make the factual findings required by R.C. 2929.14(C)(4), then "a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). Thus, judicial fact-finding is once again required to overcome the statutory presumption in favor of concurrent sentences.

*Id*. at ¶ 23. Appellant's argument is misplaced.

**{¶16}** In *State v. Nia*, 2014-Ohio-2527, 15 N.E.3d 892 (8th Dist.), this court, sitting en banc, held that when a trial court fails to make the requisite statutory findings to support the imposition of consecutive sentences, "the trial court is limited on remand to only the question raised regarding the required findings pursuant to R.C. 2929.14(C)(4) to justify consecutive sentences." *Id*. at ¶ 22.

**{¶17}** After reviewing the record, we cannot say that the trial court exceeded the scope of this court's remand in *Bolton II*. Although this court did not explicitly instruct the trial court to do so, the proper remedy when a trial court imposes consecutive sentences without making the requisite statutory findings is to vacate the sentence and remand the matter to the trial court for the limited purpose of considering whether consecutive sentences are appropriate under R.C. 2929.14(C)(4) and to make the necessary findings. *State v. Vargas*, 8th Dist. Cuyahoga No. 101796, 2015-Ohio-2856, ¶ 15, citing *Nia* at ¶ 28. This court's holding in *Bolton II* neither instructed nor obligated

the trial court to impose concurrent sentences on remand. Accordingly, appellant's first assignment of error is overruled.

{¶18} In his second assignment of error, appellant argues that the trial court erred by imposing a five-year prison sentence for having weapons while under disability. Specifically, appellant contends that the trial court should have sentenced him under R.C. 2929.14(A)(3)(b), under which the maximum sentence for felonies of the third degree is 36 months. We disagree.

{¶19} Appellant raised this argument in *Bolton II*. This court rejected the argument, concluding that because the having weapons while under disability offense was not the subject of the reversal in *Bolton I*, the trial court "had no authority to consider whether to resentence [appellant] on the weapons disability count based on certain statutory changes to prison terms for third degree felonies under R.C. 2929.14(A)(3)(b)." *Bolton II* at ¶ 7. Res judicata bars the relitigation of an issue already decided. *Russell v. Mitchell*, 84 Ohio St.3d 328, 329, 703 N.E.2d 1249 (1999). This court's holding in *Bolton II* remains the law of the case. *State v. Davis*, 139 Ohio St.3d 122, 2014-Ohio-1615, 9 N.E.3d 1031, ¶ 27 (the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels).

{¶20} The limited purpose of the trial court's September 16, 2015 resentencing hearing was to consider whether consecutive sentences were appropriate under R.C. 2929.14(C)(4) and, if so, to make the necessary findings. The trial court was neither

obligated nor authorized to resentence appellant on the having weapons while under disability count. Accordingly, appellant's second assignment of error is overruled.

## B. Crim.R. 32(A)

{¶21} In his third assignment of error, appellant argues that his sentence should be vacated based on the unjustifiable delay between remand and resentencing.

{¶22} Crim.R. 32(A) provides, in relevant part, that "a sentence shall be imposed without unnecessary delay." However, this court has repeatedly held that the requirement under Crim.R. 32(A) that a sentence be imposed without unnecessary delay does not apply to resentencing. *Nia,* 2014-Ohio-2527, 15 N.E.3d 892, at ¶ 30, citing *State v. Harris*, 8th Dist. Cuyahoga No. 95010, 2011-Ohio-482; *State v. Coleman*, 8th Dist. Cuyahoga No. 94866, 2011-Ohio-341; *State v. Craddock*, 8th Dist. Cuyahoga No. 94387, 2010-Ohio-5782; *State v. Huber*, 8th Dist. Cuyahoga No. 85082, 2005-Ohio-2625.

{¶23} This court, in reviewing a delay in resentencing, must consider whether the delay prejudiced the defendant. *State v. McQueen*, 8th Dist. Cuyahoga No. 91370, 2009-Ohio-1085, ¶ 5. Whether the defendant suffered prejudice as a result of the delay depends on the facts of the case. *Id.* For example, this court has found prejudice when the defendant was released on bond during the delay and was subsequently ordered to return to prison to serve an additional two months after the length of his sentence had lapsed. *Euclid v. Brackis*, 135 Ohio App.3d 729, 735 N.E.2d 511 (8th Dist.1999). However, where a defendant was incarcerated during the length of delay and would not

have been eligible for release during that time period, this court did not find prejudice. *Huber* at ¶ 10.

{¶24} In the instant matter, this court's judgment in *Bolton II* was issued on June 13, 2013, and the trial court resentenced appellant on September 16, 2015. Thus, approximately 27 months elapsed between remand and resentencing.

{¶25} Despite the delay, we cannot find prejudice to appellant based on the facts of this case. At the original 2011 sentencing hearing, the trial court sentenced appellant to a prison term of ten years on the rape count and five years on the having weapons while under disability count. These sentences were not disturbed by either *Bolton I* or *Bolton II*. Even if the trial court ordered appellant to serve these counts concurrently, which it did not, appellant would not have been eligible for release during the 27-month delay. Accordingly, appellant was not prejudiced by the delay. Appellant's third assignment of error is overruled.

### C. Motion for DNA Testing

{¶26} In his fourth assignment of error, appellant argues that the trial court erred by denying his motion for DNA testing.

{¶27} This court reviews a trial court's decision granting or denying an application for DNA testing for an abuse of discretion. R.C. 2953.74(A). An abuse of discretion implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶28} In his motion for DNA testing, appellant specifically requested

access to the state DNA database maintained pursuant to [R.C.] 109.573 by the [Bureau of Criminal Investigation], to seek any and/or all profiles which share 9 alleles/loci with either [appellant's] own DNA sample, or the biological samples obtained as evidence in this case, to include the two unknown donors as well as the victim.

Appellant contends that the need for DNA testing and expert review of the DNA evidence is "clearer" now than at the time of his trial because "potential problems with DNA evidence [have] become more and more apparent." Furthermore, appellant appears to suggest that further DNA testing is required because his DNA was only a partial match to the DNA profile recovered from the victim's underwear. Appellant references a study in which two unrelated individuals "shared the same two markers at nine of 13 places in a standard DNA profile."

{¶29} R.C. 2953.74(A) provides:

[i]f an eligible offender submits an application for DNA testing under section 2953.73 of the Revised Code and a prior definitive DNA test has been conducted regarding the same biological evidence that the offender seeks to have tested, the court shall reject the offender's application.

R.C. 2953.71(U) defines a definitive DNA test as follows:

a DNA test that clearly establishes that biological material from the perpetrator of the crime was recovered from the crime scene and also clearly establishes whether or not the biological material is that of the eligible offender. A prior DNA test is not definitive if the eligible offender proves by a preponderance of the evidence that because of advances in DNA technology there is a possibility of discovering new biological material from the perpetrator that the prior DNA test may have failed to discover. Prior testing may have been a prior "definitive DNA test" as to some biological evidence but may not have been a prior "definitive DNA test" as to other biological evidence.

{¶30} After reviewing the record, we cannot say that the trial court abused its discretion in denying appellant's motion for DNA testing. We initially note that

appellant failed to comply with R.C. 2953.73(A), which requires the applicant to "submit an application for DNA testing on a form prescribed by the attorney general for this purpose[.]" Appellant did not submit his request for DNA testing on the proper form. Although appellant filed his motion for DNA testing pro se, pro se litigants are presumed to have knowledge of the law and of correct legal procedure, and are held to the same standard as all other litigants. *Loreta v. Allstate Ins. Co.*, 8th Dist. Cuyahoga No. 97921, 2012-Ohio-3375, ¶ 8.

{¶31} Furthermore, the record reflects that definitive DNA test results were admitted at trial regarding the DNA profile recovered from the victim's underwear. In *Bolton I*, this court summarized the trial testimony of Melissa Zielaskiewicz, a forensic scientist with the Bureau of Criminal Investigation:

> [a]t trial, Melissa Zielaskiewicz testified that, in comparing the DNA sample from appellant to the DNA profile found in [the victim's] underwear, she could not exclude appellant as the source of the DNA. Zielaskiewicz explained that the expected frequency of occurrence of the partial DNA profile from the sperm cutting from [the victim's] underwear is 1 in 1,481,000,000,000 unrelated individuals.

*Id*. at ¶ 90. Because there was a prior definitive DNA test, the trial court did not abuse its discretion in denying appellant's motion for DNA testing. Appellant's fourth assignment of error is overruled.

### III. Conclusion

{¶32} The trial court did not err in imposing consecutive sentences during the September 16, 2015 resentencing hearing. The trial court was not required to sentence appellant on the having weapons while under disability count under R.C.

2929.14(A)(3)(b), and appellant's second assignment of error is barred by res judicata. Because appellant was not prejudiced by the delay between remand and resentencing, the trial court did not err in denying appellant's motion to dismiss. Finally, based on the prior definitive DNA testing, the trial court did not err in denying appellant's motion for DNA testing.

{¶33} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EILEEN A. GALLAGHER, J., CONCUR